UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-23960-CIV-WILLIAMS/REID

CHRISTOPHER K. EWING,

     Plaintiff,

v.

VERU INC., *et al.*,

     Defendants.

_____/

### ORDER GRANTING MOTION FOR APPOINTMENT AS
### <u>LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL</u>

This cause is before the Court on competing motions for appointment of lead plaintiff and approving lead plaintiff's selection of lead counsel in this securities class action. Competing motions have been filed by Dr. Myo Thant ("Dr. Thant") as Lead Plaintiff, Levi & Korsinsky, LLP as Lead Counsel, and Cullin O'Brien Law, P.A. as Liaison Counsel [ECF No. 16]; Kranthi Gorlamari as Lead Plaintiff, Glancy Prongay & Murray LLP as Lead Counsel, and Desmond Law Firm as Liaison Counsel [ECF No. 17]; Kenneth Hepp as Lead Plaintiff, Block & Leviton LLP as Lead Counsel, and Edelsberg Law, P.A. as Liaison Counsel [ECF No. 19]; Mehran Motamed as Lead Plaintiff, Pomerantz LLP as Lead Counsel, and Komlossy Law P.A. as Liaison Counsel [ECF No. 20]; Kyle Christoffel as Lead Plaintiff, Scott+Scott Attorneys at Law LLP as Lead Counsel, and Criden & Love, P.A. as Liaison Counsel [ECF No. 21]; Ryan Manzek as Lead Plaintiff and The Rosen Law Firm, P.A. as Lead Counsel [ECF No. 22]; Dr. Kenneth Skolnick as Lead Plaintiff; Bernstein Liebhard LLP as Lead Counsel, and Mark Migdal and Hayden as Liaison Counsel [ECF No. 23]; and Goldberg Flores as Lead Plaintiff, Lowey Dannenberg, P.C. as Lead Counsel, and Saxena White P.A. as Liaison Counsel for the Class [ECF No. 24].

For the reasons stated herein, Dr. Thant's Motion is **GRANTED**, and he is appointed as lead plaintiff, and the Court approves his selection of Levi & Korsinsky as Lead Counsel, and Cullin O'Brien as Liaison Counsel for the class.

## BACKGROUND

Plaintiff Christopher Ewing filed this federal securities class action on behalf of all investors who purchased or otherwise acquired Defendant Veru Inc.'s ("Veru" or the "Company") common stock between May 11, 2022, through November 9, 2022 (the "Class Period"). This action is brought on behalf of the Class for violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a) and Rule 10b-5 promulgated thereunder by the SEC, 17 C.F.R. § 240.10b-5. According to Plaintiff, Veru developed medications to treat COVID-19 and other diseases related to viral and acute respiratory distress syndrome ("ARDS") as well as other medications [ECF No. 1]. Plaintiff alleges that

> Throughout the Class Period, Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the data from the sabizabulin Phase 3 trial and the Company's interactions with the FDA. Specifically, Veru misled its shareholders to believe that the data from the Phase 3 trial was sufficient to support Emergency Use Authorization ("EUA") and even the submission of a New Drug Application ("NDA") without any further studies. VERU's filings therefore concealed the true risks faced by the Company in gaining approval for its EUA request.

[*Id.* at ¶ 4].

Plaintiff alleges that Veru's stock plummeted, ss a consequence of these and other actions. Veru's stock plummeted from a closing price of $15.01 per share on November 8, 2022, to $6.97 per share on November 10, 2022. [*Id.* at ¶ 17]. This 54% one-day drop wiped out over $640 million in market capitalization, thereby causing massive losses to investors. [*Id.*]. As a consequence, the Plaintiff filed the instant suit. [*Id.* at ¶ 18].

2

## LEGAL STANDARD

Given this matter is a private a securities fraud class action, the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. §§ 78u-4, *et seq.*, governs the procedure for appointing a lead plaintiff. The PLSRA permits putative class members of their right to move for appointment as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)–(ii). PSLRA Section 78u-4(a)(3)(B)(i) provides that the lead plaintiff should be the plaintiff "the court determines to be most capable of adequately representing the interest of class members …." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA sets forth a rebuttable presumption that the "most adequate plaintiff" is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> (bb) in the determination of the court has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)–(cc). The presumption may only be rebutted "upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff … will not fairly and adequately protect the interests of the class … [or] is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

In addition to the PLSRA's requirements, the "most adequate" plaintiff must also satisfy the class action requirements of Federal Rule of Civil Procedure 23. Rule 23 requires: (1) that the class is so numerous that joinder of all members is impracticable; (2) that there are questions of law or fact common to the class; (3) that the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) that the representative parties will fairly and

3

adequately protect the interests of the class. Fed. R. Civ. P. 23(a). As only two requirements of Rule 23 pertain to the characteristics of a class representative (typicality and adequacy), rather than the adequacy of the class, courts have limited the inquiry to these two prongs at the lead plaintiff appointment stage. *See Mulvaney v. Geo Grp., Inc.*, No. 16-CV-81494, 2016 WL 10519276, at *2 (S.D. Fla. Nov. 21, 2016).

## DISCUSSION

### I.      The Notice

The PSLRA, specifically, provides that within "20 days after the date on which the complaint was filed, the plaintiff or plaintiffs … [shall publish] in a widely circulated national business-oriented publication or wire service, a notice advising member of the purported plaintiff class— (I) of the pendency of the action, the claims asserted therein, and the purported class period; and (ii) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." 15 U.S.C. § 78u-4(a)(3)(A)(i).

> Before a district court may rule on a motion to appoint lead plaintiff, it has an independent duty to scrutinize the published notice and ensure that the notice comports with the objectives of the PSLRA, that is, encouraging the most adequate plaintiff, the plaintiff with the largest financial stake in the outcome of the litigation, to come forward and take control of the litigation.

*In re Jan. 2021 Short Squeeze Trading Litig.*, No. 21-21261, 2021 WL 1997089, at *2 (S.D. Fla. May 18, 2021) (internal citation omitted).

Here, notice was filed on December 6, 2022. The notice set forth the case name, docket number, and the court in which the action was pending. This information served to notify potential lead plaintiff movants of the instant action. All of the motions to appoint lead counsel in this case

were filed on February 6, 2023, and therefore, satisfy the PSLRA's first factor in establishing the rebuttable presumption for "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

## II.      Largest Financial Interest

Given that "the person(s) or entity with the greatest financial interest generally enjoys the rebuttable presumption that he, she, or it is the most adequate plaintiff to serve as lead plaintiff[,]" *In re Jan. 2021 Short Squeeze Trading Litig.*, No. 21-2989-MDL, 2021 WL 4840857, at *2 (S.D. Fla. Oct. 15, 2021) (internal citation omitted), the primary question this Court must address is which lead plaintiff movant has the largest financial interest.

In evaluating which movant has the largest financial interest, courts look at: "(1) the number of shares purchased during the class period, (2) the amount of the investment or net funds expended during the class period, and (3) the estimated losses suffered." *Id.* (citing *Miller v. Dyadic Int'l, Inc.*, No. 07-80948-Civ, 2008 WL 2465286, at *3 (S.D. Fla. Apr. 18, 2008))). "Most courts accord the third factor, the estimated losses, the greatest weight." *Id.*

Dr. Thant claims to have suffered a net loss of $1,088,563.11 on 175,627 shares purchased as a result of Defendant's unlawful conduct. *See* [ECF No. 16-1 at 9]. There is no actual debate here by the other movants that Dr. Thant's incurred loss is the greatest. All of the other movants have withdrawn their motions for lead plaintiff or have filed notices of non-opposition. *See* [ECF Nos. 25; 26; 27; 28; 29; 30; 32]. Further, the Court's review of the various motions for appointment as lead plaintiff show that the next highest claimed loss is $287,751.56 less than Dr. Thant's. *See* [ECF No. 31 at 3]. Consequently, the Court concludes that Dr. Thant has the largest financial interest of the potential lead plaintiffs.

### III.      Rule 23 Factors: Adequacy and Typicality

In addition to having the largest financial interest and having responded to a notice, a movant seeking appointment as lead plaintiff must demonstrate they are the "most adequate plaintiff" by satisfying the applicable Rule 23 factors. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa). The only Rule 23 factors relevant here are the adequacy and typicality requirements. *Short Squeeze Trading Litigation*, 2021 WL 4840857, at *3 (internal citation omitted).

A lead plaintiff movant meets the typicality requirement where their allegations share the "same essential characteristics as the claims of the class at large." *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279 n.14 (11th Cir. 2000) (cleaned up). Here, Dr. Thant contends that Veru sold common stock during the Class Period "at prices artificially inflated by the Defendants' materially false and misleading statements." [ECF No. 16-1 at 10]. Like the other Class members, Dr. Thant alleges he acquired the inflated Veru common stock during the Class Period and incurred losses as a result, which makes his claims "typical, if not identical, to those of the other members of the Class." [*Id.* at 11]. Therefore, Dr. Thant's claims are typical of the Class.

Next, "[i]n determining a lead plaintiff movant's adequacy, courts consider whether any substantial conflicts of interest exist between the representative and the class, and whether the representative will adequately prosecute the action." *Steppacher v. Alfi, Inc.*, No. 21-24232-CIV, 2022 WL 1115049, at *6 (S.D. Fla. Apr. 13, 2022) (citing *Phillips v. Churchill Cap. Corp. IV*, No. 1:21-CV-00539-ACA, 2021 WL 4220358, at *3 (N.D. Ala. Sept. 16, 2021)). Dr. Thant contends that his "interests are aligned with those of the other members of the Class … [because] there is no evidence of antagonism between [him] and the other Class members … [and he] has a significant, compelling interest in prosecuting the Action to a successful conclusion based upon the very large financial losses he has suffered as a result of the wrongful conduct alleged in the

6

Action." [ECF No. 16-1 at 11]. Additionally, Dr. Thant avers that he is "a sophisticated investor, having been in the stock market for over 30 years[,]" and that he has "experience hiring and overseeing attorneys in securities class actions" because he has previously been a lead plaintiff in a different securities class action. [*Id.* at 12]. Taking this information together, Dr. Thant reasons that he is able to "prosecute the Action vigorously on behalf of the Class." [*Id.*]. The Court agrees with Dr. Thant, and finds he satisfies Rule 23's typicality and adequacy requirements. Considering that Dr. Thant has satisfied the PLSRA's rebuttable presumption for "most adequate plaintiff," and that the other movants have not opposed Dr. Thant's motion, and therefore have not rebutted the presumption, the Court grants Dr. Thant's Motion and appoints him as Lead Plaintiff in this matter.

## IV.    Selection of Lead Plaintiff's Counsel

The PLSRA provides the lead plaintiff with the authority to "select and retain counsel to represent the class[,]" subject to the Court's approval. 15 U.S.C. § 78u-4(a)(3)(B)(b). "The Court should not interfere with the lead plaintiff's selection of counsel unless necessary to 'protect the interest of the class[.]'" *Short Squeeze Trading Litigation*, 2021 WL 4840857, at *6 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)).

Dr. Thant has selected Levi & Korsinsky, LLP to serve as Lead Counsel and Cullin O'Brien Law, P.A. to serve as Liaison Counsel. *See* generally [ECF No. 16]. Both firms provided their resumes and declaration in support of the Motion. Having considered the resumes and declarations, the Court finds that the firms have extensive securities fraud class action experience, and therefore approves of Dr. Thant's selection of counsel, and appoints Levi & Korsinsky, LLP as Lead Counsel and Cullin O'Brien Law, P.A. as Liaison Counsel.

## CONCLUSION

For the forgoing reasons, it is **ORDERED AND ADJUDGED** as follows:

7

1. Dr. Thant's Motion [ECF No. 16] is **GRANTED**.

2. Dr. Thant is appointed **LEAD PLAINTIFF** in this matter, and the Clerk is directed to re-style the case accordingly.

3. Levi & Korsinsky, LLP is appointed **LEAD COUNSEL** and Cullin O'Brien Law, P.A. is appointed as **LIAISON COUNSEL**.

4. All other Motions for Appointment of Lead Counsel are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 27th day of July 2023.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc:     **U.S. District Judge Kathleen M. Williams;**

**All Counsel of Record**