# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

CHRISTOPHER K. EWING,
INDIVIDUALLY and ON BEHALF OF ALL
OTHERS SIMILARLY SITUATED,

Plaintiff,

v.

VERU INC., MITCHELL STEINER, and
MICHELE GRECO,

Defendants.

Case No. 1:22-cv-23960-KMW-LMR

## PLAINTIFFS' MOTION TO STRIKE EXTRANEOUS DOCUMENTS APPENDED TO AND CITED IN DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

**TABLE OF CONTENTS**

I.    INTRODUCTION ........................................................................................................... 1

II.    ARGUMENT .................................................................................................................. 2

        A.    Legal Standards ................................................................................................... 2

        B.    Defendants Have Not Stated the Basis for the Court's Consideration of Their Requests ............................................................................................................... 4

        C.    Exhibit 1 Should be Stricken Because It Is Made-For-Litigation Work Product That Cannot Be Incorporated by Reference or Judicially Noticed and Because It Violates the Court's Order Regarding Page Restrictions ...................................... 5

        D.    Exhibits 3, 5, 10, and 20 Should Be Stricken Because They Are Only Used to Factually Dispute Plaintiff's Alleged Theory .......................................................... 6

        E.    Exhibits 3, 6, and 14 Should Be Stricken Because Defendants Seek to Use Them for  an Improper Purpose and They Are Irrelevant. ............................................. 11

III.    CONCLUSION ............................................................................................................. 13

## TABLE OF AUTHORITIES

**Cases**

*625 Fusion, LLC v. City of Fort Lauderdale*,
2023 WL 1466809 (S.D. Fla. Feb. 1, 2023) ........................................................................ 5

*Al-Hindi v. Royal Caribbean Cruises, Ltd.*,
2023 U.S. Dist. LEXIS 95596 (S.D. Fla. June 1, 2023) .................................................. 4, 7

*Askan v. Faro Techs., Inc.*,
2023 WL 7411243 (M.D. Fla. Oct. 6, 2023) ...................................................................... 6

*Brooks v. Blue Cross & Blue Shield*,
116 F.3d 1364 (11th Cir. 1997) ........................................................................................ 2

*Bryant v. Avado Brands, Inc.*,
187 F.3d 1271 (11th Cir. 1999) ................................................................................. 3, 9, 10

*Cavner v. Bounceback, Inc.*,
2015 WL 467682, at *1 (M.D. Fla. Feb. 3, 2015) .............................................................. 2

*City of Pompano Beach Gen. Employees' Ret. Sys. v. Synovus Fin. Corp.*,
2011 WL 13130185 (N.D. Ga. May 19, 2011) ................................................................... 9

*Couch v. Broward Cnty.*,
2012 WL 2007148 (S.D. Fla. June 5, 2012) ................................................................. 4, 13

*Davidco Investors, LLC v. Anchor Glass Container Corp.*,
2006 WL 547989 (M.D. Fla. Mar. 6, 2006) ..................................................................... 12

*Donaldson v. Clark*,
819 F.2d 1551 (11th Cir. 1987) ........................................................................................ 1

*Halbert v. Credit Suisse AG*,
402 F. Supp. 3d 1288 (N.D. Ala. 2019) ............................................................................. 4

*Hemenway v. Bartoletta*,
2012 WL 1252691 (M.D. Fla. Apr. 13, 2012) .................................................................... 1

*Hennessy v. Penril Datacomm Networks*,
69 F.3d 1344 (7th Cir. 1995) ............................................................................................ 8

*Honus Wagner Co. v. Luminary Grp. LLC*,
2017 WL 6547899 (S.D. Fla. Dec. 21, 2017) .................................................................... 3

*Hossfeld v. Am. Fin. Sec. Life Ins. Co.*,
2021 U.S. Dist. LEXIS 59251 (S.D. Fla. Mar. 29, 2021) .................................................. 8

*In re Citrix Sys. Sec. Litig.*,
2001 U.S. Dist. LEXIS 25351 (S.D. Fla. Sept. 28, 2001) .................................................. 2

*In re Egidi*,
571 F.3d 1156 (11th Cir. 2009) ........................................................................................ 5

*In re Home Loan Servicing Sols., Ltd,*
2016 WL 10592320 (S.D. Fla. June 6, 2016) .................................................................... 9

*In re Royal Caribbean Cruises Ltd. Sec. Litig.*,
 2013 WL 3295951 (S.D. Fla. Apr. 19, 2013) ........................................................ 5

*In re Vivendi, S.A. Sec. Litig.*,
 838 F.3d 223 (2d Cir. 2016) ........................................................................ 12

*Jones v. City of Columbus*,
 120 F.3d 248 (11th Cir. 1997) ...................................................................... 3

*Khoja v. Orexigen Therapeutics, Inc.*,
 899 F.3d 988 (9th Cir. 2018) ............................................................... 1, 7, 8, 9

*Lake v. Aetna Life Ins. Co.*,
 2021 WL 2649234 (M.D. Fla. June 28, 2021) .................................................. 6, 8

*Land Trust Serv. Corp. for Trust 1009CB v. MortgageIt, Inc.*,
 2014 WL 12605138 (S.D. Fla. Dec. 29, 2014) .................................................... 3

*Lucas v. City of Delray Beach*,
 2023 WL 6037456 (S.D. Fla. Sep. 14, 2023) ...................................................... 5

*MAZ Partners LP v. First Choice Healthcare Solutions, Inc.*,
 2019 WL 5394011 (M.D. Fla. Oct. 16, 2019) ...................................................... 4

*MBH Mar. Int. LLC v. Manteiga*,
 2018 WL 1363844 (S.D. Fla. Mar. 15, 2018) ...................................................... 9

*Miranda v. Ocwen Loan Servicing, LLC*,
 148 F. Supp. 3d 1349 (S.D. Fla. 2015) ............................................................ 4, 9

*Mitchell v. Ford Motor Co.*,
 318 F. App'x 821 (11th Cir. 2009) .................................................................. 6

*Morrison v. Exec. Aircraft Refinishing, Inc.*,
 434 F. Supp. 2d 1314 (S.D. Fla. 2005) ............................................................. 3

*Neurosurgical Consultants of S. Fla., LLC v. United Healthcare Services.*,
 2023 WL 2487257 (S.D. Fla. Feb. 21, 2023) ...................................................... 9

*O'Neal v. Allstate Indem. Ins. Co. Inc.*,
 2023 WL 5624158 (11th Cir. Aug. 31, 2023) ...................................................... 5

*Oxford Asset Mgmt. v. Jaharis*,
 297 F.3d 1182 (11th Cir. 2002) ..................................................................... 10

*Rodgers v. Global Prophets, Inc.*,
 2009 WL 3288130 (S.D. Fla. Aug. 18, 2009) ...................................................... 3

*S.E.C. v. Bankatlantic Bancorp, Inc.*,
 2012 WL 1936112 (S.D. Fla. May 29, 2012) .................................................... 4, 13

*Sapuppo v. Allstate Floridian Ins. Co.*,
 739 F.3d 678 (11th Cir. 2014) ....................................................................... 5

*Shahar v. Bowers*,
 120 F.3d 211 (11th Cir. 1997) ..................................................................... 3, 5

*SMA Portfolio Owner, LLC v. CPX Tampa Gateway Opag, LLC*,
    2012 WL 4760783 (M.D. Fla. Oct. 5, 2012) ...................................................................... 4

*Speaker v. United States HHS CDC & Prevention*,
    623 F.3d 1371 (11th Cir. 2010) ...................................................................................... 2

*United States v. Esformes*,
    60 F.4th 621 (11th Cir. 2023) ....................................................................................... 5

*Wilchombe v. TeeVee Toons, Inc.*,
    555 F.3d 949 (11th Cir. 2009) ...................................................................................... 8

*Williams v. Carnival Corp.*,
    2021 WL 6144634 (S.D. Fla. Nov. 9, 2021)...................................................................... 3

**Statutes**

15 U.S.C. § 78j.................................................................................................................... 1

15 U.S.C. § 78u-4 .......................................................................................................... 1, 2

**Rules**

Fed. R. Civ. P. 12(b)(6)................................................................................................... 2, 3

Fed. R. Civ. P. 12(c) ........................................................................................................... 3

Fed. R. Civ. P. 12(d) ....................................................................................................... 1, 3

Fed. R. Civ. P. 12(f)................................................................................................... passim

Local Rule 7.1(a)(2)........................................................................................................... 1

Pursuant to Rules 12(d) and (f) and the Court's inherent authority to police the filings on its docket, Plaintiffs respectfully request that the Court exclude from the record Exhibits 1, 3, 5, 6, 10, 14, and 20 in Defendants' Appendix (ECF 53) and any references thereto contained in Defendants' Motion to Dismiss (ECF No. 52, the "Motion to Dismiss" or "DB") and enter an order striking the same.[1] These voluminous, extrinsic materials are not proper subjects for judicial notice, nor are they incorporated by reference into the FAC. Further, Defendants seek that the contested documents be considered for the truth of the matters asserted for the sole purpose of manufacturing fact disputes. This is improper on a motion to dismiss because "[i]t is clearly the law in this Circuit" that a court may not consider such extraneous materials unless it elects to convert the motion to one for summary judgment and allows plaintiff sufficient notice "to marshal its resources and ... rebut[ ] the motion for summary judgment with every factual and legal argument available." Fed. R. Civ. P. 12(d); 15 U.S.C. § 78u-4; *Donaldson v. Clark*, 819 F.2d 1551, 1555 (11th Cir. 1987) (reversing and remanding where opportunity to further rebut converted motion was not provided); *Hemenway v. Bartoletta*, 2012 WL 1252691, at *4 (M.D. Fla. Apr. 13, 2012) (excluding materials outside the pleadings in 10(b) action). Thus, because Exhibits 1, 3, 5, 6, 10, 14, and 20 cannot be appropriately considered at this juncture and are solely proffered to generate improper issues of fact, these materials should be stricken.

Pursuant to Local Rule 7.1(a)(2), Plaintiffs are submitting a proposed order contemporaneously herewith.

## I.     INTRODUCTION

Rather than accept the facts in the FAC as true and respond to those well-pled allegations, Defendants seek to develop their own (disputed) factual record by filing 21 Exhibits spanning approximately 1,300 pages in an attempt to "short-circuit the resolution" of Plaintiffs' "well-pleaded claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018). Indeed, Defendants submit numerous 10-Ks solely to dispute Plaintiffs' allegations that supporting a phase 3 clinical trial for sabizabulin of the size anticipated by the FDA would have posed a significant financial strain on Veru. Moreover, several of the exhibits that Defendants append to their brief were never cited in the FAC, nor are they proper candidates for judicial notice. To smuggle these

---

[1] References to "¶__" herein refer to the First Amended Class Action Complaint for Violation of the Federal Securities Laws (the "FAC") filed September 15, 2023 (ECF No. 47). All defined terms herein have the same definitions ascribed to them in the FAC. Internal citations are omitted.

1

extraneous exhibits into the record, Defendants devote one mere footnote requesting that the Court consider 1,300 pages of extraneous documents. DB at 4 n. 5. Defendants' unreasoned, perfunctory footnote fails to justify why any appended document should be considered., and if so, on what basis.

A Rule 12(b)(6) motion to dismiss is not the appropriate mechanism for dissecting voluminous exhibits, weighing evidence, or making findings of fact. Through this conduct, Defendants have essentially skipped ahead to summary judgment while Plaintiffs are barred from taking relevant discovery by the PSLRA's discovery stay. 15 U.S. Code § 78u–4 (b)(3)(B).

Plaintiffs move to strike the following exhibits: Exhibit 1 (Defendants' Chart Categorizing the Challenged Statements); Exhibit 3 (Veru's December 10, 2020 10-K); Exhibit 5 (February 8, 2021 Investor Call Transcript); Exhibit 6 (Veru's February 10, 2021 10-Q); Exhibit 10 (Veru's December 2, 2021 10-K); Exhibit 14 (Veru's May 12, 2022 10-Q); and Exhibit 20 (Veru's December 5, 2022 10-K). The Court should disregard these Exhibits, as well as any citations and arguments concerning these Exhibits in the Motion to Dismiss.

## II.    ARGUMENT

### A. Legal Standards

When evaluating the sufficiency of a complaint in the face of a Rule 12(b)(6) challenge, the Court "accepts the factual allegations in the complaint as true" and construes them and the reasonable inferences therefrom in the light most favorable to the plaintiff. *Speaker v. United States HHS CDC & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010). The court's analysis "is limited primarily to the face of the complaint and attachments thereto." *Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1368 (11th Cir. 1997).

The Court has "inherent authority to strike any filed paper which it determines to be abusive or otherwise improper under the circumstances." *Cavner v. Bounceback, Inc.*, 2015 WL 467682, at *1 (M.D. Fla. Feb. 3, 2015). Further, district courts have authority pursuant to the federal rules to strike "any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). A motion to strike is appropriate where the documents attached to a motion to dismiss are outside of a complaint's four corners and do not otherwise qualify for either of the two exceptions, incorporation by reference and judicial notice. *In re Citrix Sys. Sec. Litig.*, 2001 U.S. Dist. LEXIS 25351, at *7 (S.D. Fla. Sept. 28, 2001) (striking exhibits attached to motion to dismiss). Courts have "broad discretion" in considering a motion to strike." *Honus Wagner Co. v. Luminary Grp.*

*LLC*, 2017 WL 6547899, at *4 (S.D. Fla. Dec. 21, 2017); *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1317-18 (S.D. Fla. 2005) (same). Accordingly, the Court may strike Defendants' improperly proffered materials.

If the Court nevertheless elects to consider the disputed exhibits and references thereto, the Motion must be treated as a motion for summary judgment. Fed. R. Civ. P. 12(d) ("If, on a motion under 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment."); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1276 n.8 (11th Cir. 1999) ("presenting matters outside the pleadings converts the Rule 12(b)(6) motion into a motion for summary judgment."). If the Motion is converted into a motion for summary judgment, Plaintiffs request the opportunity to conduct discovery as to potentially dispositive issues pursuant to FED. R. CIV. P. 56(f); *Williams v. Carnival Corp.*, 2021 WL 6144634, at *2 (S.D. Fla. Nov. 9, 2021) (when converting a motion to summary judgment, "[t]he Court must give the Parties a reasonable opportunity to present all the material that is pertinent to the motion."); *Rodgers v. Global Prophets*, *Inc.*, 2009 WL 3288130, at *1 (S.D. Fla. Aug. 18, 2009) ("Without the completion, or at least a significant undertaking, of discovery, summary judgment would not be appropriate at this stage of the litigation.") (citing *Jones v. City of Columbus*, 120 F.3d 248, 253 (11th Cir. 1997) ("The law in this circuit is clear: the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion.")).

**Judicial Notice:** A district court may only take judicial notice of an adjudicative fact that is both "not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Bryant v. Avado Brands*, Inc., 187 F.3d 1271, 1278 (11th Cir. 1999). While courts may take judicial notice of documents filed with the SEC for whether the filer made particular statements, it may not consider SEC filings for the truth of the matters asserted within them. *Land Trust Serv. Corp. for Trust 1009CB v. MortgageIt, Inc.*, 2014 WL 12605138, at *3 (S.D. Fla. Dec. 29, 2014) (Williams, J.) ("A court may examine an SEC filing for the purpose of determining what statements the documents contain...[not] for the truth of the matters asserted within the documents."). Furthermore, the taking of judicial notice is a "highly limited process" because it "bypasses the safeguards which are involved with the usual process of proving facts by competent evidence in district court." *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997). Courts should not take

3

judicial notice of irrelevant facts. *S.E.C. v. Bankatlantic Bancorp, Inc.*, 2012 WL 1936112, at *8 (S.D. Fla. May 29, 2012) (considering only the **relevant** SEC filings attached to motion to dismiss) (emphasis in original); *Couch v. Broward Cnty.,* 2012 WL 2007148, at *1 (S.D. Fla. June 5, 2012) (ignoring materials that had no relevance).

      **Incorporation by Reference:** Documents may only be considered "incorporated" into a complaint by reference when they are documents that are "undisputedly authentic and on which Plaintiffs specifically relied in the complaint." *MAZ Partners LP v. First Choice Healthcare Solutions, Inc.,* 2019 WL 5394011, at *3 n.5 (M.D. Fla. Oct. 16, 2019). Incorporation by reference is inappropriate where an exhibit is merely cited in the complaint but not central to it. *Halbert v. Credit Suisse AG*, 402 F. Supp. 3d 1288, 1301 (N.D. Ala. 2019) (declining to consider documents that did not contain alleged false statements); *SMA Portfolio Owner, LLC v. CPX Tampa Gateway Opag, LLC*, 2012 WL 4760783, at *2 (M.D. Fla. Oct. 5, 2012) ("Central means that the document is a necessary part of the plaintiff's effort to state a claim."); *Miranda v. Ocwen Loan Servicing, LLC,* 148 F. Supp. 3d 1349, 1353 (S.D. Fla. 2015) ("In determining whether a document is central to the plaintiff's case, the court asks whether the plaintiff would have to offer the document to prove his case."); *see also*, DB at 4 n. 5 (admitting that court may only incorporate documents "referenced" in the complaint where such documents are "central to the Plaintiffs' claims"). If a document is used only to undermine the complaint, then it is not central to Plaintiffs' claims, and is central only to Defendants' argument. *Miranda*, 148 F. Supp. 3d at 1353 ("Documents that are relevant to the defendant's affirmative defenses, rather than the plaintiff's claim, will fail to meet the centrality requirement."); *Al-Hindi v. Royal Caribbean Cruises, Ltd*., 2023 U.S. Dist. LEXIS 95596, at *22-23 (S.D. Fla. June 1, 2023) (refusing to consider the contract attached to defendant's motion to dismiss because it was not central to the plaintiff's claims—rather, it was central to the defendant's defense).

## B. Defendants Have Not Stated the Basis for the Court's Consideration of Their Requests

      As a preliminary matter, Defendants fail to articulate or provide any analysis as to why the doctrine of incorporation by reference, judicial notice, or both, are purportedly applicable to any of the 21 Exhibits asserted to be considered. Indeed, "the party requesting judicial notice bears the burden of persuading the court" that the facts are proper candidates for incorporation by reference or judicial notice. *Couch*, 2012 WL 2007148, at *1.

Defendants devote a lone, perfunctory footnote to support their insertion of 21 Exhibits spanning over 1,300 pages. DB at 4 n.5. In fact, Defendants fail to articulate or provide any analysis as to why the doctrine of incorporation by reference, judicial notice, or both, are purportedly applicable to any Exhibit, hampering Plaintiffs' and the Court's ability to evaluate their request. This is improper. Eleventh Circuit courts have "long held" that a party "abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority." *United States v. Esformes*, 60 F.4th 621, 635 (11th Cir. 2023) (quoting *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014)); *O'Neal v. Allstate Indem. Ins. Co. Inc.*, 2023 WL 5624158, at *4 (11th Cir. Aug. 31, 2023) ("the failure to make arguments and cite authorities in support of an issue waives it."); *In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009) ("Arguments not properly presented . . . are deemed waived."); *Lucas v. City of Delray Beach*, 2023 WL 6037456, at *9 (S.D. Fla. Sep. 14, 2023) (same); *625 Fusion, LLC v. City of Fort Lauderdale*, 2023 WL 1466809, at *1 (S.D. Fla. Feb. 1, 2023) (same).

Moreover, Defendants' failure to articulate their arguments and the bases for those arguments is particularly glaring given that Defendants improperly rely on irrelevant, extraneous materials to contest Plaintiffs' allegations and set forth their own factual counternarrative.

Accordingly, Defendants' request for incorporation by reference and/or judicial notice of Exhibits 1, 3, 5, 6, 10, 14, and 20 can be denied on grounds of waiver and/or forfeiture of any argument articulating why the Court should consider them.

### C. Exhibit 1 Should be Stricken Because It Is Made-For-Litigation Work Product That Cannot Be Incorporated by Reference or Judicially Noticed and Because It Violates the Court's Order Regarding Page Restrictions

Exhibit 1 purports to be a chart categorizing the challenged statements made by the Defendants, which should be stricken because it is "redundant, immaterial, impertinent," and otherwise improper under the circumstances. FED. R. CIV. P. 12(f). Defendants provide no authority for the use of such a chart, nor could they, because this exhibit follows none of the traditional rules for incorporation by reference or judicial notice. It was not cited in the FAC nor does it fall into the usual category of judicial notice, such as "universal truths," like "(1) scientific facts: for instance, when the sun rises or sets; (2) matters of geography: for instance, what are the boundaries of a state; or (3) matters of political history: for instance, who was president in 1958." *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997). Nor was this chart filed with the SEC. *In re Royal Caribbean Cruises Ltd. Sec. Litig.*, 2013 WL 3295951, at *11 (S.D. Fla. Apr. 19, 2013)

(Williams, J.) (granting motion to strike a chart prepared by defendant's counsel because it was not publicly filed with the SEC).

Further, Exhibit 1 violates the Court's orders. Exhibit 1 constitutes a redundant 14-page extension of Defendants' argument, which exceeds this Court's order limiting briefing in support of the Motion to Dismiss to 30 pages without permission. ECF 46. Documents that violate court rules are properly stricken under Rule 12(f). *See, e.g., Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 822-25 (11th Cir. 2009) (affirming the district court's decision to grant a motion to strike to exclude certain exhibits for failure to follow Rule 26); *Askan v. Faro Techs., Inc.*, 2023 WL 7411243, at *5 (M.D. Fla. Oct. 6, 2023) (striking documents because including them was in violation of the Local Rules of the Court).

Accordingly, the Court should strike Exhibit 1.

### D. Exhibits 3, 5, 10, and 20 Should Be Stricken Because They Are Only Used to Factually Dispute Plaintiff's Alleged Theory

Exhibit 5 is a transcript of an investor call that Defendants held on February 8, 2021 and is obliquely referred to only once in the FAC. *See* ¶67 (alleging that Defendant Steiner articulated Veru's anticipated trial design for the Phase III Trial during "an investor call"). Defendants request that the Court consider Exhibit 5 for the truth of Defendant Steiner's self-serving contention that "I want to emphasize that we currently have the resources necessary to conduct this trial." DB at 21.  Exhibits 3, 10, and 20 are Veru's Annual Reports filed with the SEC on Form 10-K for the years 2020, 2021, and 2022, respectively, none of which are cited in the complaint. Defendants seek the Court's consideration of Exhibits 3, 10, and 20 to marshal evidence in support of their counterarguments regarding Veru's financial position. DB at 21.

Defendants proffer Exhibits 3, 5, 10, and 20 expressly for the purpose of disputing Plaintiffs' well pled allegations that Veru's deteriorating cash position, declining revenue from legacy internal condom products, and simultaneous explosion of research and development costs were significant motivators of Defendants' decision to minimize and reduce the Phase III Trial's size, against the FDA's advice. *See* DB, § II.A. at 21 (arguing "Plaintiffs try to manufacture a motive"), and *id.* (arguing "there were no going concern problems"), and *id.* ("the Company had the resources necessary to perform a Phase 3 trial."). Defendants' request for the Court to consider extraneous documents solely for the purpose of attacking the FAC's well-pleaded facts and generating a competing counterfactual narrative is improper. *Lake v. Aetna Life Ins. Co.*, 2021 WL 2649234, at *3 (M.D. Fla. June 28, 2021) (finding an attempt to disprove allegations is premature

6

at the motion-to-dismiss stage); *Al-Hindi v. Royal Caribbean Cruises, Ltd.*, 2023 U.S. Dist. LEXIS 95596, at \*22-23 (S.D. Fla. June 1, 2023) (refusing to consider the contract attached to defendant's motion to dismiss because it was not central to plaintiff's claims—rather, it was central to defendant's defense).

Indeed, courts acknowledge that use of extraneous exhibits is a particularly "concerning pattern in securities cases" where defendants "exploit[] these procedures improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Khoja*, 899 F.3d at 998. In *Khoja*, the Ninth Circuit rejected the "unscrupulous" invocation of the judicial notice and incorporation by reference doctrines to purportedly justify consideration of extraneous documents on a motion to dismiss, stating:

> Judicial notice and incorporation-by-reference do have roles to play at the pleading stage. The overuse and improper application of judicial notice and the incorporation-by-reference doctrine, however, can lead to unintended and harmful results. Defendants face an alluring temptation to pile on numerous documents to their motions to dismiss to undermine the complaint, and hopefully dismiss the case at an early stage. ***Yet the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery***. This risk is especially significant in SEC fraud matters, where there is already a heightened pleading standard, and the defendants possess materials to which the plaintiffs do not yet have access. ***If defendants are permitted to present their own version of the facts at the pleading stage -- and district courts accept those facts as uncontroverted and true -- it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently "plausible" claim for relief.*** Such undermining of the usual pleading burdens is not the purpose of judicial notice or the incorporation-by-reference doctrine.

*Id.* at 998-99 (Emphasis added).

Defendants' insertion of 21 exhibits spanning 1,300 additional pages without authority or argument is exactly the type of abuse that courts seek to limit. The Court should disregard Exhibits 3, 5 10, and 20.[2]

*First*, Defendants improperly seek to use Exhibits 3, 5, 10, and 20 for their truth, to wit: to factually dispute Plaintiffs' well-pled allegations that Veru did not enroll a patient population in the Phase III Trial that conformed with the FDA's instructions due to the Company's significant financial constraints, which consequently resulted in Defendants' "business decision" to reduce

---

[2] Plaintiffs also move to strike Exhibit 3 for the reasons discussed in Section II.E., *infra*.

the Phase III Trial population to 210 participants against the FDA's explicit advice. *Compare* ¶43 ("Veru's cash and cash equivalents likewise fell precipitously, as revenue failed to keep pace with rising expenses and the Company burned through cash reserves"), ¶71 ("Veru's ability to execute expensive clinical trials (let alone for five pipeline drugs) was already hampered by shrinking revenue streams caused by fewer FC2 prescriptions as pandemic-fueled telemedicine became less popular"), and ¶¶143-146 (alleging that Veru's hampered financial condition fueled Defendants' motivation to commit securities fraud) *with* DB at 21 ("The Company's cash and cash equivalents steadily rose from 2016 to 2020" (citing Ex. 3)), *id.* ("the Company had $133.4 million cash on hand" (citing Ex. 10)), *id.* ("the Company had the resources necessary to perform a Phase 3 trial." (citing Ex. 5)), and *id.* ("During all the relevant time periods, the Company had enough cash on hand to fund its planned operations" (citing Ex. 20)).

This head-on factual dispute is not ripe for resolution at the motion to dismiss stage, especially since, "in SEC fraud matters, where there is already a heightened pleading standard, [] the defendants possess materials to which the plaintiffs do not yet have access." *Khoja*, 899 F.3d at 998. Because Defendants' purpose of introducing Exhibits 3, 5, 10, and 20 is solely to manufacture a factual disagreement regarding Veru's financial position, and because Defendants' reliance on them improperly contests Plaintiffs' allegations, the Court should decline to incorporate or take notice of them. *See Lake v. Aetna Life Ins. Co.*, 2021 WL 2649234, at *3 (M.D. Fla. June 28, 2021) (declining to consider an attached document which only served to dispute facts, citing *Khoja*, 899 F.3d at 1003 ("[I]t is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint."); *Hennessy v. Penril Datacomm Networks*, 69 F.3d 1344, 1354-55 (7th Cir. 1995) (district court properly refused to take judicial notice of a Form 10-K to decide fact in dispute).

*Second*, Exhibits 3, 10, and 20 are not referenced anywhere in the FAC. Accordingly these Exhibits cannot be incorporated by reference because the incorporation by reference doctrine is only appropriate where "plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim." *Hossfeld v. Am. Fin. Sec. Life Ins. Co.*, 2021 U.S. Dist. LEXIS 59251, at *19 n.6 (S.D. Fla. Mar. 29, 2021); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (finding the district court properly refused to consider documents not referred to in the complaint); *MBH Mar. Int. LLC v. Manteiga*, 2018 WL 1363844, at *2 (S.D. Fla. Mar. 15,

8

2018) (referencing prior order where the Court declined to consider a document not reference in the complaint).

Moreover, to be considered incorporated by reference, the document must be "central" to the claims and issues. *Miranda* 148 F. Supp. 3d 1349, at 1353. Exhibit 5 cannot be incorporated by reference because it is a transcript from a February 8, 2021 investor call, which is cited only once in the FAC to provide background information describing that Defendants anticipated (at that time) that the Phase III Trial would enroll up to 200 hospitalized patients and would be a 1:1 randomized, double-blind study. ¶ 67. This investor call was only mentioned once and, thus, was not referred to extensively enough to warrant incorporation on that ground alone. *See Neurosurgical Consultants of S. Fla., LLC v. United Healthcare Services*., 2023 WL 2487257, at *2 (S.D. Fla. Feb. 21, 2023) (not considered incorporated when plaintiff simply provides as background facts to its claims); *Khoja*, 899 F.3d at 1002 ("mere mention of the existence of a document is insufficient to incorporate the contents of a document…"). Furthermore, because Plaintiffs merely cite Exhibit 5 once to establish the first of multiple announcements concerning the Phase III Trial's design, and Plaintiffs' claims would be actionable regardless of this specific reference, Exhibit 5 cannot be considered "central" to Plaintiffs' claims, and therefore, cannot be incorporated by reference. *Neurosurgical Consultants*, 2023 WL 2487257, at *2 ("If a plaintiff's claim could succeed without a document, the document is not central to the claim."); *City of Pompano Beach Gen. Employees' Ret. Sys. v. Synovus Fin. Corp.,* 2011 WL 13130185, at *4 (N.D. Ga. May 19, 2011) (granting plaintiffs' motion to strike because "none of the documents…are central to the complaint and are therefore due to be stricken.").[3]

*Third*, Exhibits 3, 5, 10 and 20 cannot be judicially noticed because judicial notice of documents that are publicly filed with the SEC but are not cited in a complaint is only acceptable "for the purpose of determining what statements the documents contain and not to prove the truth of the documents' contents." *Bryant v. Avado Brands*, Inc., 187 F.3d 1271, 1278 (11th Cir. 1999).

---

[3] Defendants' reliance on *In re Home Loan Servicing* as support for incorporation by reference is wholly inapposite because the Court considered, *sua sponte*, two documents referenced extensively throughout the plaintiff's complaint, neither of which were press releases as Defendants posit. *In re Home Loan Servicing Sols., Ltd,* 2016 WL 10592320, at *3 (S.D. Fla. June 6, 2016) (judicially noticing the December 2014 Consent Order and the SEC Order, documents referenced hundreds of times in the complaint).

Here, while Exhibits 3, 10, and 20 are documents filed with the SEC, Defendants seek to judicially notice them expressly to prove Veru's financial condition (as well as Defendants' subjective, qualitative judgment regarding the strength of such financial condition)—in other words, using them for their truth. Defendants' cited authority is inapposite because in *Oxford*, the reviewing court found no error where the "district court specifically stated it was not accepting the facts asserted in the insert as true, and appears only to have used it to show the bare existence of a clinical study…" *Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

Exhibit 5 was never filed with the SEC nor any other governmental body, which means it cannot be judicially noticed. *Bryant*, 187 F.3d 1271, 1280. Furthermore, the Motion to Dismiss makes clear that it seeks Exhibit 5 to be considered for the truth of the matters asserted by Defendant Steiner, which is inappropriate. Motion to Dismiss at 21 (improperly requesting the Court consider that Steiner was telling the truth when he stated "we currently have the resources necessary to conduct this trial").[4]

Accordingly, the Court should strike Exhibits 3, 5, 10, and 20. To the extent the Court does, nevertheless, elect to consider these contested Exhibits, Plaintiffs request that the Court also consider the exhibits appended to the Declaration of Cullin A. O'Brien, attached hereto. The appended exhibits consist solely of materials published subsequent to the FAC's filing that directly bear on Defendants' cash position during the Class Period and therefore offer context necessary to counterbalance the materials Defendants improperly introduce. Like Exhibits 3, 5, 10, and 20, all of the exhibits attached to the Declaration of Cullin A. O'Brien were filed (or incorporated by reference into filings) with the SEC or reflect transcripts of a Veru investor call. *See* PX-A: Veru's Form 10-Q/A filed with the SEC on November 15, 2023 disclosing substantial doubt about the Company's ability to continue as a going concern; PX-B: Veru's December 12, 2023 Prospectus Supplement filed with the SEC announcing a stock offering seeking to raise $33 million to cover, *inter alia*, existing vendor obligations; PX-C: Veru's December 2023 Investor Relations presentation revealing that continuation of sabizabulin studies would depend on external funding and that expected size of new trial was 408 patients, which was incorporated by reference to a

---

[4] Notably, at the time Defendant Steiner made this statement (February 8, 2021), Defendants were anticipating a 200-person trial, which was incompatible with the FDA's preference for a trial with 500 patients in the treatment arm alone. Accordingly, even if the Court were to consider Exhibit 5, which it should not, it would fail to offer any support for Defendants' argument concerning the sufficiency of Veru's finances to fund a trial with 1,000 (or more) patients enrolled.

Form 8-K filed with the SEC on December 13, 2023; and PX-D: Transcript of January 4, 2024 Special Call discussing cost of sabizabulin trial "do[ne] right," estimating projected cost of new trial at $40 million "at the minimum," (indicating that 1,000-participant trial would have cost a minimum of $100 million), and confirming the need for external funding to facilitate any such trial.

### E. Exhibits 3, 6, and 14 Should Be Stricken Because Defendants Seek to Use Them for an Improper Purpose and They Are Irrelevant.

Defendants seek the Court's consideration of Exhibits 3, 6, and 14, to highlight purported risk disclosures that are wholly irrelevant to Plaintiffs' claims, were obsolete, or were so vague, speculative, and contingent as to be meaningless. *See* DB at 6 ("If clinical trials…fail to demonstrate safety or efficacy to the satisfaction of the FDA, the FDA will not approve the drug…." (citing Ex. 3)), *id.* at 16 (same), *id.* at 6 ("factors that could cause actual results to differ materially from those currently anticipated" purportedly included that unspecified clinical trial "results will not support marketing approval" and that Veru could fail to reach agreement with the FDA on the design of any given clinical trial (citing Ex. 3)), *id.* at 16 (same) (citing Ex. 3), *id.* at 17 (same) (citing Ex. 6), *id.* at 16 ("Clinical trials involve a lengthy and expensive process with an uncertain outcome and results of earlier studies and trials may not be predictive of future trial results." (citing Ex. 3)), *id.* ("Our development of a COVID-19 treatment is in its early stages, and we may be unable to produce a drug that successfully treats the virus in a timely manner" (citing Ex. 3)), *id.* at 17 ("We may be unable to obtain an emergency use authorization from the FDA to market sabizabulin as a potential treatment for COVID-19 in the United States in a timely manner, if at all." (citing Ex. 14)), *id.* ("The FDA may decline to grant an EUA if it concludes that an investigational drug is not safe or effective." (citing Ex. 17)).

*First*, Exhibit 3 is wholly irrelevant because it primarily discusses unspecified clinical trials (including for drugs other than sabizabulin) and was issued on December 10, 2022, before the Company had even announced the Phase III Trial or met with the FDA concerning that trial. Likewise, Defendants filed Exhibit 6 with the SEC on February 10, 2021, which preceded the meeting with the FDA regarding the Phase III Trial. *See* ¶68. Accordingly, these documents were either discussing trials other than the Phase III Trial, or were obsolete by the time that Defendants met with the FDA and were informed that the Phase III trial should utilize 1:1 randomization and enroll at least 500 patients in the treatment arm alone.

*Second*, Exhibits 3, 6, and 14 are also irrelevant insofar as they discuss risks of certain drugs' "safety and efficacy" profiles, ability to "support marketing approval," or ability to "treat the [Covid-19] virus in a timely manner," that are divorced from the misrepresented issues alleged in the FAC concerning the FDA's discussions with Defendants about the Phase III Trial design. The  risks alluded to in Exhibits 3, 6, and 14 are simply unrelated to Plaintiffs' claims. Plaintiffs allege, *inter alia*, that Defendants misrepresented the truth regarding the Phase III Trial's design when they knew, but failed to disclose, that the FDA informed them that: Veru should enroll at least 500 subjects in the Phase III Trial's treatment arm, that Veru should not use a 2:1 randomization ratio, and that the Phase III Trial's population should not be reduced from 300 to 210 persons. Instead, as Plaintiffs allege, Defendants disregarded the FDA's advice and made false statements regarding the same. *E.g.*, FAC ¶112 ("FDA agrees that no additional efficacy studies are required to support an EUA or a full NDA."). Defendants' risk factors connote issues arising from the chemical properties of sabizabulin and/or observations from the test data rather than the FDA's communications regarding the Phase III Trial's design. Thus, the risk factors are unrelated to Plaintiffs' theory of fraud.

*Third*, Exhibits 3, 6 and 14 are irrelevant insofar as they discuss banal, generic and speculative risks such as the propositions that Veru could fail to reach agreements with the FDA, that clinical trials have "an uncertain outcome," or that Veru might not be granted an EUA. These risks could apply to any pharmaceutical company and were so boilerplate as to be meaningless. Moreover, the language in the Exhibits was unaccompanied by any of the risks that Defendants knew about because they were "highlighted repeatedly" by the FDA. ¶¶86-87. Thus, because the embedded risk factors are so generic as to be stripped of any import, they cannot be relevant to Plaintiffs' claims. *In re Vivendi, S.A. Sec. Litig.*, 838 F.3d 223, 247 (2d Cir. 2016) ("kitchen-sink disclaimer" that failed to discuss specific risk complained of was "quite irrelevant"); *see also Davidco Investors, LLC v. Anchor Glass Container Corp.*, 2006 WL 547989, at *13 (M.D. Fla. Mar. 6, 2006) ("general, boilerplate language" failing to discuss specific risks at issue was not "meaningful").

Accordingly, Exhibits 3, 6, and 14 should be stricken because they are not relevant to Plaintiffs' claims and they are "redundant, immaterial, impertinent," and otherwise improper under the circumstances. FED. R. CIV. P. 12(f). "Courts are not required to take judicial notice of irrelevant materials," and it is "generally agreed that courts may not take judicial notice of

irrelevant facts." *Couch*, 2012 WL 2007148, at *1; *Bankatlantic Bancorp, Inc.*, 2012 WL 1936112, at *8 (considering only the ***relevant*** SEC filings attached to motion to dismiss) (emphasis in original).

### III.    CONCLUSION

For the forgoing reasons, Plaintiffs respectfully request that this Court grant Plaintiffs' motion to strike Exhibits 1, 3, 5, 6, 10, 14, and 20, as well as all references to these Exhibits in Defendants' Motion to Dismiss, and any inferences drawn therefrom. In the alternative, if the Court considers the information contained in the Exhibits, thus converting the Motion to Dismiss to a summary judgment motion, Plaintiffs ask for an equal opportunity to conduct discovery as to these issues and to submit relevant evidence concerning them.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

Pursuant to S.D. Fla. Local Rule 7.1(a)(3), I hereby certify that counsel for the Plaintiffs has conferred with Defendants' counsel regarding the relief sought by this Motion and Defendants' counsel represented that they object to the relief sought herein.

Respectfully submitted,

By:    /s/ Cullin A. O'Brien_____
Cullin Avram O'Brien

**CULLIN O'BRIEN LAW, P.A.**
6541 NE 21st Way
Ft. Lauderdale, FL 33308
Tel: (561) 676-6370
Email: cullin@cullinobrienlaw.com
*Liaison Counsel for Plaintiffs and the Class*

Shannon L. Hopkins
Gregory M. Potrepka
Rachel A. Berger
**LEVI & KORSINSKY, LLP**
1111 Summer Street, Suite 403
Stamford, CT 06905
Tel: (212) 992-4523
Fax: (212) 363-7171
Email: shopkins@zlk.com
Email: gpotrepka@zlk.com
Email: rberger@zlk.com
*Lead Counsel for Plaintiffs and the Class*

13

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 16, 2024, I electronically filed the foregoing document with the clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Cullin A. O'Brien
Cullin Avram O'Brien

14