## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 1:22-cv-23960-KMW-LMR

CHRISTOPHER K. EWING,
INDIVIDUALLY and ON BEHALF OF ALL
OTHERS SIMILARLY SITUATED,

      Plaintiff,

v.

VERU INC., MITCHELL STEINER, and
MICHELE GRECO,

      Defendants.

## DEFENDANTS' MEMORANDUM OF LAW
## IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE

**INTRODUCTION**

Plaintiffs' Motion to Strike [Dkt. 55] is a transparent attempt to have their proverbial cake and eat it too.  The First Amended Complaint for Violation of the Federal Securities Laws ("FAC") filed by Plaintiffs takes 22 statements made by Defendants out of context and claims that they were false and misleading for allegedly misstating or omitting material facts—including several forward-looking statements that are protected by the safe harbor in the Private Securities Litigation Reform Act ("PSLRA") if they are accompanied by sufficient cautionary language.  Defendants' motion to dismiss appends the full text of the statements challenged in the FAC as exhibits to provide their proper context.  The exhibits to Defendants' motion also include the full text of Form 10-Ks and Form 10-Qs filed by Defendant Veru, Inc. ("Veru") with the Securities and Exchange Commission ("SEC") during the Class Period to provide further context for the statements challenged in the FAC and to allow the Court to review the risk factor disclosures contained in the filings.  These are all documents that Plaintiffs have expressly reviewed and relied upon in asserting their securities fraud claims.  *See* FAC ¶ 2 (stating that Plaintiffs' counsel reviewed Veru's SEC filings, press releases, and conference call transcripts, among other materials).  Plaintiffs now move to strike seven exhibits in an effort to unfairly limit Defendants' motion to dismiss and augment their own opposition brief.

The Court should deny Plaintiffs' Motion to Strike.  To start, Plaintiffs cannot use Rule 12(f) as a basis for their motion because it applies only to pleadings, and not exhibits to a motion to dismiss.  But setting procedure aside, the Court should also deny the motion on its merits.  It is appropriate for the Court to consider documents that are either incorporated into the FAC by reference or subject to judicial notice.  And with respect to most of the exhibits that Plaintiffs seek to strike, consideration by the Court is not only appropriate, it is ***required*** under the PSLRA safe harbor for forward-looking statements.  Plaintiffs try to avoid this inevitable conclusion by arguing that the Court should nonetheless strike the exhibits because they are used for an improper purpose

and are irrelevant. Not so. The Court should reject Plaintiffs' baseless, collateral attack on Defendants' motion to dismiss and deny the Motion to Strike.

## BACKGROUND

The FAC asserts claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 against Veru and two of its executives. The thrust of Plaintiffs' allegations is that Defendants made false and misleading statements regarding a Phase 3 clinical trial and application for emergency use authorization ("EUA") for a drug called sabizabulin, or "VERU-111." Defendants' motion to dismiss outlines the many deficiencies in the FAC, including the FAC's reliance on forward-looking statements that are protected by the PSLRA's safe harbor, the lack of context provided for the challenged statements, and the FAC's failure to raise an inference of scienter that is at least as compelling as innocent inferences in Defendants' favor. To this end, Defendants attached 21 exhibits to their motion to dismiss. Seven of the exhibits are copies of Veru's filings with the SEC (Exs. 2, 3, 6, 10, 14, 18, 20). Eight are press releases (Exs. 4, 7, 9, 11-13, 15, 17). One is a transcript of an investor call (Ex. 5). Two are transcripts of earnings calls (Exs. 8, 16). One is a transcript of an FDA Advisory Committee meeting (Ex. 19). One is a copy of an FDA disclosure letter (Ex. 21). One is a chart of challenged statements (Ex. 1). Plaintiffs move to strike seven of these exhibits:

– **Exhibit 1: Chart categorizing the statements challenged in the FAC**. Defendants provided the chart to the Court as an organizational tool. The chart identifies each challenged statement by source and exhibit, provides an excerpt of the language cited in the FAC, and briefly summarizes the parties' arguments. This kind of chart is often submitted in these types of motion to dismiss, in order to aid the Court. *See, e.g.*, *Waswick v. Torrid Holdings, Inc.*, No. 2:22-cv-08375-JLS-AS, 2023 WL 9197563, at *3 (C.D. Cal. Dec. 1, 2023) (considering similar charts prepared by both the plaintiffs and defendants); *Garden City Emps. Ret. Sys. v. Anixter Int'l, Inc.*, No. 09-CV-5641, 2011 WL 1303387, at *9 (N.D. Ill. Mar. 31, 2011) (considering a chart of challenged statements submitted along with defendants' motion to dismiss).

2

– **Exhibit 3: Veru's December 10, 2020 10-K**. Cited in Defendants' motion to dismiss for the risk factor disclosures contained therein. Dkt. 52 at 17, 20, n.11. Also cited with respect to Veru's cash and cash equivalents on hand in 2021. *Id.* at 7, 22.

– **Exhibit 5: Transcript of Veru investor call on February 8, 2021.** Cited in Defendants' motion to dismiss with respect to Veru's available resources for a Phase 3 trial. Dkt. 52 at 22. Plaintiffs also cite the February 8, 2021 investor call in the FAC and their opposition brief. *See* FAC ¶¶ 67-68, 136-137; Dkt. 54 at 32 (citing ¶¶ 67-68).

– **Exhibit 6: Veru's February 10, 2021 10-Q.** Cited in Defendants' motion to dismiss for the risk factor disclosures contained therein. Dkt. 52 at 18.

– **Exhibit 10: Veru's December 2, 2021 10-K.** Cited in Defendants' motion to dismiss for the risk factor disclosures contained therein. Dkt. 52 at 20, n.11. Also cited with respect to Veru's cash and cash equivalents on hand in 2021. *Id.* at 22.

– **Exhibit 14: Veru's May 12, 2022 10-Q.** Cited in Defendants' motion to dismiss for the risk factor disclosures contained therein. Dkt. 52 at 9, 18, 20, n.11.

– **Exhibit 20: Veru's December 5, 2022 10-K.** Cited in Defendants' motion to dismiss with respect to Veru's drug pipeline and the Company's cash and cash equivalents on hand in 2022. Dkt. 52 at 5, 22.

Plaintiffs move to strike these exhibits, or, in the alternative, demand that the Court treat Defendants' motion to dismiss as a motion for summary judgment, open discovery, and/or consider four exhibits attached to Plaintiffs' Motion to Strike that post-date the filing of the FAC. None of the relief sought by Plaintiffs is appropriate, and their Motion to Strike should be denied.

## ARGUMENT

"Rule 12(f) motions to strike are considered drastic, granted sparingly and often disfavored." *Honus Wagner Co. v. Luminary Grp. LLC*, No. 17-cv-61317, 2017 WL 6547899, at *4 (S.D. Fla. Dec. 21, 2017). Plaintiffs' Rule 12(f) motion is especially drastic and inappropriate given the posture of this litigation. *First*, there is no basis to strike any of the exhibits because

3

they are not "pleadings" as described in Rule 12(f).  *Second*, the Court should deny Plaintiffs'
motion because it seeks to strike documents that are properly considered by the Court in ruling on
a motion to dismiss in a securities fraud case.

**I.      The Court Should Deny the Motion to Strike Because Rule 12(f) Does Not Apply.**

Plaintiffs cite Rule 12(f) as the basis for their motion to strike the exhibits to Defendants'
motion to dismiss.  The Court should deny the Motion to Strike because Rule 12(f) applies only to
pleadings: "The court may strike from a <u>pleading</u> an insufficient defense or any redundant,
immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f) (emphasis added); *see also*
*Jallali v. Am. Osteopathic Ass'n*, No. 11-60604-CIV, 2011 WL 2039532, at *1 (S.D. Fla. May 25,
2011) ("By its plain language, Rule 12(f) only permits courts to strike material contained in 'a
pleading.'").  Rule 7(a) defines a "pleading" as a complaint, an answer, or a reply to an answer.
"Accordingly, numerous courts in the Eleventh Circuit, and elsewhere, have held that a motion to
strike filings that are not pleadings (as defined by Rule 7(a)) is improper."  *Keira v. Berry*, No. 13-
60990, 2013 WL 5416900, at *1 (S.D. Fla. Sept. 26, 2013).

A motion to dismiss and its accompanying exhibits are not pleadings and therefore are not
the proper subject of a Rule 12(f) motion.  *See Jallali*, 2011 WL 2039532, at *1 (S.D. Fla. May
25, 2011) (denying a motion to strike an exhibit to a motion to dismiss because it was not a
"pleading" as defined by Rule 7(a)).  The Court should deny Plaintiffs' Motion to Strike as
procedurally improper.

**II.     The Court May Consider the Challenged Exhibits Without Converting Defendants'
         Motion to Dismiss into a Motion for Summary Judgment.**

The Court should also deny Plaintiffs' Motion to Strike because the Court can consider
certain materials outside of the FAC without converting Defendants' motion to dismiss into a
motion for summary judgment.  It is well-established that the Court can consider "documents
incorporated into the complaint by reference" and "matters of which a court may take judicial
notice" in a securities case.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007);

*see also Hubbard v. BankAtlantic Bancorp, Inc.*, 625 F. Supp. 2d 1267, 1279 (S.D. Fla. 2008) ([W]here a complaint alleges violations of securities laws, the court may consider certain other materials, such as documents incorporated by reference into the complaint and matters of which a court may take judicial notice."). The Court is also ***required*** to consider "any cautionary statement" that accompanies a forward-looking statement if a defendant moves to dismiss based on the PSLRA's safe harbor for forward-looking statements. *See* 15 U.S.C. § 78u-5(e) ("On any motion to dismiss based upon subsection (c)(1), the court <u>shall</u> consider any statement cited in the complaint <u>and any cautionary statement accompanying the forward-looking statement</u>, which are not subject to material dispute, <u>cited by the defendant</u>.") (emphasis added).

These rules are "consistent with the overall aim of the Reform Act—curbing abusive securities litigation." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999). The ability of a court to consider documents incorporated by reference into a complaint, judicially noticed materials, and the requirement that the court consider accompanying cautionary language avoids a situation where a baseless case proceeds "notwithstanding the fact that dismissal would have been appropriate if the [challenged] statements had been read in context." *Id.* at 1279. "The usual rules for considering 12(b)(6) motions are thus bent to permit consideration of an allegedly fraudulent statement in its context" when a defendant moves to dismiss a complaint alleging violation of the federal securities laws. *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999).

The Court should apply these long-standing principles and deny Plaintiffs' Motion to Strike. As explained in turn below, the exhibits challenged by Plaintiffs are documents that are either (a) incorporated by reference into the FAC, (b) matters of which the court may take judicial notice, or (c) SEC filings containing risk factor disclosures that the Court must consider under the PSLRA. The Court may therefore consider the exhibits without converting Defendants' motion to dismiss into a motion for summary judgment.

**A.      The First Amended Complaint Incorporates Exhibits 5 and 14 by Reference.**

Exhibit 5 to Defendants' motion to dismiss is a transcript of a February 8, 2021 investor call that Plaintiffs cite in the FAC.  *See* ¶¶ 67-68, 136-137.  Exhibit 14 is a copy of Veru's May 12, 2022 Form 10-Q for the second quarter of fiscal year 2022, which is also cited in the FAC.  *See* ¶¶ 108-111.  The Court may consider Exhibit 5 and Exhibit 14 without converting Defendants' motion to dismiss to a motion for summary judgment based on the incorporation by reference doctrine.  *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).  A document is incorporated by reference where the "the document's contents are alleged in a complaint" and the document is "(1) central to the plaintiff's claim and (2) undisputed." *Id.*  Exhibit 5 and Exhibit 14 satisfy both requirements.

**1.      Exhibit 5 is Central to Plaintiffs' Claims of Securities Fraud.**

A document is central to a complaint where it is "a necessary part" of a plaintiff's "effort to make out a claim." *Day*, 400 F.3d at 1276.  Plaintiffs attempt to minimize the FAC's citation to the February 8, 2021 investor call, claiming that it is not central to the FAC because it is cited only once as "background information" about the size of the VERU-111 Phase 3 trial.  Dkt. 55 at 14.  But the FAC and Plaintiffs' opposition to Defendants' motion to dismiss contradict these assertions and demonstrate the centrality of Exhibit 5 to Plaintiffs' securities fraud claims.

Plaintiffs cite the February 8, 2021 investor call in paragraph 67 of the FAC and refer to Defendant Steiner's statement during the call that he anticipated enrollment of up to 200 patients in the Phase III trial with a 1:1 design (100 patients receiving VERU-111, 100 patients receiving placebo).  Plaintiffs refer to this investor call again in the very next paragraph, alleging that Defendants changed the target enrollment for the Phase III trial to 400 patients in March 2021, which was "double what Steiner had represented" in the investor call "a few weeks earlier." ¶ 68 (emphasis added).  In their opposition to Defendants' motion to dismiss, Plaintiffs specifically cite these paragraphs and argue that they support an inference of scienter on Defendants' behalf. *See*

Dkt. 54 at 32 ("Defendants adjusted the original Trial design from 200 to 400 participants, evidencing their knowledge of FDA's design preferences and size concerns. ¶¶ 67-68.").

Plaintiffs also cite the February 8, 2021 investor call in paragraphs 136 and 137 of the FAC and argue that it supports an inference of scienter because it supposedly shows that Defendants "knew" that the FDA preferred a larger trial size. *See* ¶ 136 ("On February 8, 2021, Defendants announced that Veru planned for a trial population of 200 individuals."); ¶ 137 (alleging a decision to "increase the trial size from 200 participants"). Plaintiffs raise this exact argument in their opposition brief. *See* Dkt 54 at 32-33.

The record is therefore at odds with Plaintiffs' assertion that the February 8, 2021 investor call is cited only once in the FAC for purely "background" information. In reality, Plaintiffs cite the investor call multiple times in the FAC and in their opposition brief to try to meet their burden to plead scienter. There is no question that this document is central to Plaintiffs' securities fraud claims (of which scienter is a necessary element), and consideration of this document is appropriate pursuant to the incorporate by reference doctrine applied in securities fraud cases. *See Michigan Carpenters' Pension Fund v. Rayonier Advanced Materials, Inc.*, No. 3:18-cv-771-J-34JRK, 2019 WL 1429667, at *2 (M.D. Fla. Mar. 29, 2019) (denying a motion to strike in a securities fraud case as to documents cited in the complaint to "evidence the materiality" of alleged misstatements).

The authority cited by Defendants in their motion to dismiss illustrates how the reliance on a document to establish an element of a securities fraud claim allows a court to consider the document based on the incorporation by reference doctrine. *See* Dkt. 52 at 5, n.5 (citing *In re Home Loan Servicing Sols., Ltd. Sec. Litig.*, No. 16-cv-60165-WPD, 2016 WL 10592320, at *3 (S.D. Fla. June 6, 2016)). The court in *In re Home Loan Servicing* considered a consent order and SEC order when ruling on the defendants' motion to dismiss. *Id.* The plaintiffs did not allege that any statements in the orders were false and misleading. Instead, the plaintiffs alleged that the orders showed the falsity of certain challenged statements. *Id.* at *3-4, 6. This is analogous to the

approach taken by Plaintiffs in this case with respect to the investor call, because Plaintiffs argue that the document shows scienter on Defendants' behalf.

Plaintiffs attempt to distinguish *In re Home Loan Servicing* by arguing that the complaint in that case contained more citations to the incorporated documents than the FAC contains citations to the investor call. Dkt. 55 at 14, n.3. But the number of citations is not dispositive. In fact, this court has held that documents cited only in passing can be central to a plaintiff's claims. *See, e.g.*, *Dudley v. NCL (Bah.) Ltd.*, No. 23-cv-21041-BLOOM/Otazo-Reyes, 2023 U.S. Dist. LEXIS 143569, at *25-26 (S.D. Fla. Aug. 15, 2023) (incorporating by reference a document that was "not specifically referred to" in a complaint by name because it was central to the complaint); *Hazelitt v. Royal Caribbean Cruises, Ltd.*, No. 23-cv-21014, 2023 U.S. Dist. LEXIS 129435, at *23-24 (S.D. Fla. July 26, 2023) (same).

The authority cited by Plaintiffs also compels the conclusion that the February 8, 2021 investor call is incorporated by reference into the FAC. Take, for example, Plaintiffs' citation to the recent decision by this court in *Neurosurgical Consultants of South Florida, LLC v. United Healthcare Services, Inc.*, No. 9:22-cv-81727-KAM, 2023 WL 2487257, at *2-3 (S.D. Fla. Feb. 21, 2023). The court considered whether two different groups of exhibits were incorporated by reference into a complaint by a medical group against an insurance company alleging violation of Florida statutes regarding provider reimbursements. *Id.* First, the court considered a summary plan description attached to the defendant's motion to dismiss. *Id.* at *2. The complaint did not make any "specific reference" to the document "anywhere in the complaint" and the plaintiff did not rely on the document as a basis for its statutory claims. *Id.* The court declined to incorporate the document by reference. *Id.* (This, of course, is the portion of the decision cited by Plaintiffs.)

The second group of exhibits, however, were "on a different footing." *Id.* at *3. The exhibits were authorizations that were "identified" in the complaint and relied upon by the plaintiffs in performing certain medical procedures. *Id.* The court held that it could consider the exhibits without converting the motion to dismiss into a motion for summary judgment. *Id.* Here,

like in *Neurological Consultants*, Plaintiffs identified the investor call in their complaint and rely upon it to support their claims.[1]

Plaintiffs also cite *Neurological Consultants* to support their argument that the investor call is not central to the complaint because their claims are actionable "regardless of" the citation to Exhibit 5. Their opposition to Defendants' motion to dismiss suggests otherwise. Plaintiffs argue in their opposition brief that the court must analyze their scienter allegations "collectively," (Dkt. 54 at 27), which necessarily includes the allegations in paragraphs 67, 68, 136, and 137 of the FAC. *See* Dkt. 54 at 27 (referring to facts and inferences as "aggregated" for the purposes of scienter). Plaintiffs' assertion in their Motion to Strike that their securities fraud claim can succeed regardless of Exhibit 5 is thus at odds with their argument in their opposition brief that the collective weight of their scienter allegations satisfies their pleading burden.

### 2.      Exhibit 14 is Central to Plaintiffs' Claims of Securities Fraud.

Plaintiffs' Motion to Strike does not object to application of the incorporation by reference doctrine to Exhibit 14, which is a copy of Veru's May 12, 2022 Form 10-Q. This is likely because Plaintiffs challenge statements made in the 10-Q filing as false and misleading, placing the document squarely within the category of documents that are incorporated by reference to a securities fraud complaint. *See In re Carnival Corp. Sec. Litig.*, No. 1:20-cv-22202-KMM, 2022 U.S. Dist. LEXIS 58526, at \*20 (S.D. Fla. Mar. 30, 2022) ("Specifically, a district court may consider the full text of securities filings alleged to contain misstatements."); *In re KLX, Inc. Sec.*

---

[1] The other cases cited by Plaintiffs are consistent with this analysis because the documents at issue in those cases were not referenced at all in the complaints, unlike Exhibit 5. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) ("Wilchcombe did not mention these contracts in his amended complaint and he first referred to them in his response to the motion to dismiss."); *MBH Mar. Int. LLC v. Manteiga*, No. 17-61909-CIV, 2018 WL 1363844, at \*2 (S.D. Fla. Mar. 15, 2018) ("This document is not referenced in the complaint."); *City of Pompano Beach Gen. Employees' Ret. Sys. v. Synovus Fin. Corp.*, No. 1:09-cv-01811-JOF, 2011 WL 13130185, at \*3 (N.D. Ga. May 19, 2011) ("Plaintiffs argue that the court should not consider certain exhibits attached to Defendants' motion to dismiss because they are not documents referenced in the Amended Complaint.").

*Litig.*, 232 F. Supp. 3d 1269, 1275 (S.D. Fla. 2017) ("[T]he Court may consider the full text of securities filings alleged to contain misstatements."). Plaintiffs are not allowed to decide what is and what is not incorporated by reference into the FAC. Because Exhibit 14 is central to the securities fraud claims in the FAC, the Court should deny Plaintiffs' attempt to exclude the document from consideration.

### 3.     There is No Dispute Regarding the Authenticity of Exhibits 5 and 14.

The Court may also consider Exhibit 5 and Exhibit 14 because there is no dispute about their authenticity, which is the second requirement of the incorporation by reference doctrine. *Day*, 400 F.3d at 1276; *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (explaining that "undisputed" means the "authenticity of the document is not challenged").

Nowhere in their Motion to Strike do Plaintiffs challenge the authenticity of Exhibit 5 or Exhibit 14. *See Neurosurgical Consultants*, 2023 WL 2487257, at *3 (holding that authenticity of exhibits attached to the defendants' motion to dismiss was undisputed based on the plaintiffs' lack of objection). Their lack of objection in this respect is not surprising because Plaintiffs themselves cite to statements contained in these documents. It is also important because the "potential harm that courts are mindful of in these situations is the lack of notice that the attached document may be considered by the court." *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1285 (11th Cir. 2007). There is no such potential for harm in this case because Plaintiffs apparently reviewed the transcript of the investor call and the May 2022 Form 10-Q in drafting their complaint and cannot credibly claim they lacked notice that the court may consider them as well. *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1280 n.16 (11th Cir. 1999) ("The underlying premise of the [incorporation by reference] doctrine seems to be that if the document was indeed so central to the claim that it served as a basis for the complaint, then plaintiffs must have already been aware of it . . . .").

The Court should therefore deny Plaintiffs' Motion to Strike as to Exhibit 5 and Exhibit 14 because they are incorporated by reference to the FAC.[2]

**B.      The Court May Take Judicial Notice of the Challenged Exhibits.**

The Court can also consider the challenged exhibits without converting Defendants' motion to dismiss to a motion for summary judgment because each challenged exhibit is appropriate for judicial notice. *See Universal Express, Inc. v. United States SEC*, 177 F. App'x 52, 53 (11th Cir. 2006) ("A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment.").

The Eleventh Circuit has unequivocally spoken on this topic, holding that courts may take judicial notice of "facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Bryant*, 187 F.3d at 1278. All the exhibits challenged by Plaintiffs satisfy this standard, and are appropriate for this Court's review. *Bryant* also recognized that "[t]aking judicial notice of relevant SEC filings at the motion to dismiss stage is also consistent with the overall aim of the [PSLRA]—curbing abusive securities litigation. An important component of achieving this goal was structuring the legislation to permit the dismissal of frivolous cases at the earliest feasible stage of the litigation, thereby reducing the cost to the company, and by derivation, to its shareholders, in defending a baseless action." *Id*.

**Exhibits 3, 6, 10, 14, and 20.** The Court may take judicial notice of statements within Veru's Form 10-Ks and 10-Qs because they are materials publicly filed with the SEC, which "are generally recognized as the most accurate and authoritative source of public information about a company." *Id*. Specifically, the Court can take judicial notice of the risk factor disclosure statements made therein.

---

[2] For the avoidance of doubt, the Court can also consider the contents of Exhibits 2, 4, 7-9, 11-13, 15-19, and 21 because they have been incorporated by reference into the FAC. Plaintiffs offer no argument to the contrary in their Motion to Strike.

**Exhibit 5.**   The Court may take judicial notice of the statements within the transcript of Veru's February 8, 2021 investor call because it "was publicly available to reasonable investors at the time the defendant made the allegedly false statements."   *In re Copper Mt. Sec. Litig.*, 311 F. Supp. 2d 857, 864 (N.D. Cal. 2004).   Plaintiffs are mistaken in their assertion that a document cannot be judicially noticed unless it was filed with a governmental body.   *See, e.g.*, *Rosenbaum Capital, LLC v. McNulty*, 549 F. Supp. 2d 1185, 1189-90 (N.D. Cal. 2008) (taking judicial notice of a conference call transcript that was not an SEC filing and was not referenced in the complaint).   Moreover, "[t]he prohibition against going outside of the facts alleged in the complaint protects against a party being caught by surprise when documents outside the pleadings are presented at that early stage.   However, in the instant case, as in the typical securities fraud case, Plaintiffs were well aware of" and indeed cite numerous times to this investor call.   *Bryant*, at 1279.

**Exhibit 1.**   The Court can "take judicial notice of charts that compile information." *Tadros v. Celladon Corp.*, No. 15cv1458 AJB (DHB), 2016 WL 5870002, at *8 (S.D. Cal. Oct. 7, 2016).   And here, the source materials for the chart—the challenged statements—are not subject to reasonable dispute.   *Cf. In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*, 763 F. Supp. 2d 423, 583 (S.D.N.Y. 2011) (holding that it was proper to consider a summary chart of trading information on a motion to dismiss because the data came from the Defendant company's SEC disclosures).

### C.   The Court Must Consider the Cautionary Language in Veru's SEC Filings.

A third justification exists for the consideration of most of the challenged exhibits.   Exhibits 3, 6, 10, and 14 are copies of Veru's Form 10-K and Form 10-Q filings.   Defendants' motion to dismiss cites the risk factor disclosures in these exhibits as examples of cautionary language accompanying forward-looking statements alleged in the FAC.   *See* Dkt. 52 at 20 (referring the Court to excerpts of Exhibits 3, 6, and 14 in Section I.B. of the brief), 20 n.11 (citing the risk factor disclosures in Exhibits 3, 10, and 14).

The PSLRA provides that where a defendant moves to dismiss a forward-looking statement under the Act's safe harbor provision, "the court **shall** consider any statement cited in the complaint and any cautionary statement accompanying the forward-looking statement." 15 U.S.C. § 78u-5(e) (emphasis added). Plaintiffs fail to acknowledge this provision, which by its plain language *requires* the Court to consider Exhibits 3, 6, 10, and 14. *See Bryant*, 187 F.3d at 1279 ("[15 U.S.C. § 78u-5(e)] directs a court to consider a cautionary statement at the motion to dismiss stage under the particular circumstances specified in that section.") (emphasis added). Indeed, as considered by the Eleventh Circuit in *Bryant*, "preventing courts from considering the entirety of a company's relevant SEC filings would allow plaintiffs who have done no more than pull snippets from the documents out of context to survive a motion to dismiss, notwithstanding the fact that dismissal would have been appropriate if the statements had been read in context." *Id*. (citations omitted).

The only argument offered by Plaintiffs is that the risk disclosures are "irrelevant," "obsolete," "vague," and so on. *See* Dkt. 55 at 16-19. Both decisions cited by Plaintiffs on this question are in the context of whether cautionary language is sufficiently meaningful to apply the PSLRA safe harbor.[3] This is also an issue raised by Plaintiffs in their opposition brief. *See* Dkt. 54 at 19, 26. But such argument is not a basis to strike Defendants' exhibits; indeed, Plaintiffs' Motion to Strike itself appears to be an effort to add more pages to Plaintiffs' argument that Veru's risk disclosures do not preclude liability in this case. Rather than striking the exhibits, the Court should simply analyze whether Veru's risk factor disclosures offer meaningful cautionary language when it rules on Defendants' motion to dismiss. *See Rayonier Advanced Materials*, 2019 WL 1429667 at *2 ("Whether Defendants' arguments are legally viable and properly supported

---

[3] *See In re Vivendi, S.A. Sec. Litig.*, 838 F.3d 223, 247 (2d Cir. 2016) (disclaimer "was not meaningful cautionary language"); *Davidco Invs., LLC v. Anchor Glass Container Corp.*, No. 8:04CV2561T-24EAJ, 2006 WL 547989, at *13 (M.D. Fla. Mar. 6, 2006) (same).

under the standards applicable at this stage of the proceedings goes to the merits of the arguments and does not warrant striking the Exhibits.").

### III.     The Challenged Exhibits Are Relevant and Cited for a Proper Purpose.

Plaintiffs' Motion to Strike asserts ad nauseam that the challenged exhibits are irrelevant and offered for an improper purpose.  That is an interesting position to now take, in light of the fact that Plaintiffs' FAC specifically asserts that it is based on Lead Counsel's "review and analysis of Veru's **public filings with the SEC**" as well as "review and analysis of Veru's other public statements, including press releases [and] **conference call transcripts** . . . ."  FAC ¶ 2 (emphasis added).  *See Bryant*, 187 F.3d at 1279 ("[I]n the instant case, as in the typical securities fraud case, Plaintiffs were well aware of the SEC filings.  Indeed, Plaintiffs expressly state in their Amended Complaint that their allegations are based upon the investigation of their counsel, which included a review of [the defendant's] SEC filings.") (cleaned up).  In any event, the Court should reject Plaintiffs' argument because it relies on a flawed understanding of the standard of review that applies to a motion to dismiss claims brought under the federal securities laws.

To survive a motion to dismiss, Plaintiffs have the burden to allege a materially false or misleading statement.  The question of whether a statement is materially misleading depends on the "total mix" of information available to an investor.  *Basic Inc. v. Levinson*, 485 U.S. 224, 232 (1988).  In analyzing Defendants' motion to dismiss and deciding whether Plaintiffs have met their pleading burden, the Court must consider "the context in which a statement was made and the circumstances in which a reasonable investor would have heard it."  *Carvelli v. Ocwen Fin. Corp.*, 934 F.3d 1307, 1321 n.6 (11th Cir. 2019); *see also Tellabs*, 551 U.S. at 322 (explaining that when "faced with a Rule 12(b)(6) motion" in a Section 10(b) case, "courts must consider the complaint in its entirety, as well as … documents incorporated into the complaint by reference, and matters of which a court may take judicial notice").

The exhibits that the Plaintiffs seek to strike are part of the total mix of information available to Veru's investors during the Class Period (not to mention the total mix of information

Plaintiffs' Lead Counsel allegedly reviewed (FAC ¶ 2)). This includes, for example, the risk factor disclosures in Exhibits 3, 6, and 14 that concern the same subjects as the challenged statements. Plaintiffs argue that the Court should strike these exhibits because they are "not relevant to Plaintiffs' claims." Dkt. 55 at 17. This is patently false, because the risk factor disclosures were part of the total mix of information available to a reasonable Veru investor during the Class Period (as well as reviewed by Plaintiffs when preparing their FAC), and thus are relevant to the Court's materiality analysis.[4] Plaintiffs do not get to pick and choose which parts of the total mix of information the Court can consider. *See In re Royal Caribbean Cruises Ltd. Sec. Litig.*, No. 1:11-22855-CIV, 2013 WL 3295951, at *11 (S.D. Fla. Apr. 19, 2013) ("Plaintiffs' failure to cite to certain of these documents in their Complaint does not alter their materiality . . . .").

Plaintiffs also want the Court to strike Exhibits 3, 5, 10, and 20 because they claim the exhibits are improperly offered to dispute Plaintiffs' factual allegations regarding Veru's financial condition during the Class Period. Plaintiffs specifically object to Defendants' citation to the amount of cash and cash equivalents on hand at Veru during the Class Period (Exs. 3, 10, 20) and to Defendant Steiner's statement that Veru had the resources necessary to conduct a Phase 3 trial (Ex. 5). The Court should deny Plaintiffs' Motion to Strike because the Court can consider the

_____

[4] It is Plaintiffs who have chosen to challenge more than twenty statements made over the course of two years, a period that encompasses numerous press releases, investor and earnings calls, and quarterly and annual SEC reports. But Plaintiffs now complain that Defendants' proffer of those materials to the Court is "abusive" due to the total number of pages across Defendants' 21 exhibits. Dkt. 55 at 12. Defendants, however, are entitled to submit the full contents of documents containing challenged statements to the Court, in addition to other information that provides context for the statements (*e.g.*, cautionary language). Far from abusive, the procedure is a routine best practice in securities cases. *See, e.g.*, *Hubbard*, 625 F. Supp. 2d at 1279-80 (considering the "contents of relevant SEC filings and documents incorporated into" the complaint). If Defendants do not submit the full documents, the Court cannot analyze the entire context in its materiality analysis. *See Henningsen v. ADT Corp.*, 161 F. Supp. 3d 1161, 1181 (S.D. Fla. 2015) ("The Court cannot adequately place the allegedly fraudulent statements in context when Defendants themselves have offered only snippets of the full documents.").

information as part of its scienter analysis—which is a proper purpose at the motion to dismiss stage in a securities case.

The Court is allowed to consider the information that Defendants cite from Exhibits 3, 5, 10, and 20 because the same information is found in documents incorporated by reference into the FAC, and factual information in documents so incorporated is assumed to be true at the motion to dismiss stage. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018) ("[U]nlike judicial notice, a court may assume an incorporated document's contents are true for purposes of a motion to dismiss under Rule 12(b)(6).") (cleaned up).  Defendants are entitled to reasonable inferences in their favor from any and all facts assumed to be true for purposes of a motion to dismiss. *See Tellabs*, 551 U.S. at 323 (explaining that the "court must take into account plausible opposing inferences" from all alleged facts).

Specifically, the information in Exhibits 3, 10, and 20 regarding Veru's cash and cash equivalents is also found in Exhibits 14 and 18. *See* Dkt. 53-14 at 6 (listing Veru's cash and cash equivalents as $112,015,505 in March 2022 and $122,359,535 in September 2021); Dkt. 53-18 at 6 (listing Veru's cash and cash equivalents as $100,550,610 in June 2022).  Exhibit 14 and 18 are undeniably incorporated by reference into the FAC, as explained above in Section II.A.  The information in Exhibit 5 regarding Defendant Steiner's statement about Veru's available resources for the Phase 3 trial is also found in Exhibit 4. *See* Dkt. 53-4 at 3.  Exhibit 4 is incorporated by reference into the FAC (as is Exhibit 5, *see* Section II.A., *supra*, but Plaintiffs do not object to the Court's consideration of Exhibit 4).

As Defendants argue in their motion to dismiss, the inference that Veru was financially distressed and desperate to commercialize VERU-111 at the time of the challenged statements is not plausible given these facts about Veru's cash on hand during the Class Period. *See, e.g.*, Dkt. 52 at 22 ("Plaintiffs' allegations ignore important indicators of Veru's financial condition that make this motive implausible.").  The Court should not deny Defendants any reasonable inferences in their favor simply based on Defendants' citations to Exhibits 3, 5, 10, and 20.  The same

16

information is found in Exhibits 4, 14, and 18, all of which are relied upon by Plaintiffs and provided to the Court along with Defendants' motion to dismiss.

The Court should deny Plaintiffs' Motion to Strike Exhibits 3, 5, 10, and 20.  The exhibits are not offered to "factually dispute" Plaintiffs' allegations,[5] but to demonstrate why the innocent inferences in Defendants' favor are more plausible than the inferences of intent to defraud that Plaintiffs hope to draw from the same alleged facts; a proper purpose on a motion to dismiss.

**IV.     Exhibit 1 is Properly Before the Court.**

Exhibit 1 is a chart of statements challenged in the FAC.  Defendants prepared Exhibit 1 as an organizational tool that the Court can reference when it considers the parties' arguments on Defendants' motion to dismiss.  The chart provides the FAC and exhibit citations for each challenged statement, identifies the source of the statement, quotes the challenged statement as presented in the FAC, and briefly summarizes the parties' contentions.

Exhibit 1 does not violate the Court's page limit order because it is not a continuation of Defendants' motion to dismiss.  *See Anixter Int'l*, 2011 WL 1303387, at *9 (denying a motion to strike the same type of chart and rejecting plaintiffs' argument that the chart was "additional argument").  The chart does no more than organize and compile information that the Court is allowed to consider as part of its analysis of Defendants' motion to dismiss.  *See U.S. ex rel. K &*

---

[5] The cases cited by Plaintiffs on this issue are readily distinguishable.  In *Khoja*, the appellate court took issue with the district court's decision that a document incorporated by reference into a complaint "absolved any earlier failure" to make a "more thorough disclosure."  *Khoja*, 899 F.3d at 1014.  Defendants do not ask the Court to make such a factual determination.  In *Lake v. Aetna Life Insurance Company*, the district court refused to conclude that the defendant had reviewed certain evidence where the plaintiff's complaint alleged that there was no such review.  No. 8:20-cv-3010-VMC-TGW, 2021 WL 2649234, at *3 (M.D. Fla. June 28, 2021).  Defendants in this case do not ask the Court reach an analogous conclusion; Defendants only seek reasonable inferences in their favor from facts assumed to be true.  And in *Al-Hindi v. Royal Caribbean Cruises, Ltd.*, the court held that the document at issue was not central to the plaintiff's claims.  No. 22-24032-CIV, 2023 U.S. Dist. LEXIS 95596, at *22 (S.D. Fla. June 1, 2023).  There is no such issue here because the information in Exhibits 3, 5, 10, and 20 is also found in documents that are central to Plaintiffs' securities fraud claims.

*R Ltd. P'ship v. Massachusetts Hous. Fin. Agency*, 456 F. Supp. 2d 46, 53 (D.D.C. 2006) (denying plaintiffs' request to strike a chart of challenged statements because it was no more than "organizational work that the Court would otherwise have to take upon itself," and was not an attempt to evade court rules). Moreover, Plaintiffs do not question whether any of the information in the chart is accurate. *See Rayonier Advanced Materials*, 2019 WL 1429667, at *3 ("Notably, Plaintiffs point to no factual aspect of these charts that they contend is inaccurate."). "Thus, to the extent such charts are helpful in organizing the information before the Court, the Court may rely on them." *Id.* (denying a motion to strike as to a chart and timeline prepared by the defendants). For this reason, Exhibit 1 is properly before the court.[6]

## V.    Defendants Have Not Waived or Forfeited Any Arguments.

Plaintiffs argue that Defendants have waived or forfeited any argument regarding why the Court may consider the seven challenged exhibits because Plaintiffs do not believe that Defendants' motion to dismiss provided sufficient analysis regarding the Court's ability to consider the materials. *See* Dkt. 55 at 9-10. None of the authorities cited by Plaintiffs hold that a party waives or forfeits its ability to contest a motion to strike based on the amount of discussion of judicial notice and/or incorporation by reference in a motion to dismiss. The Eleventh Circuit cases cited by Plaintiffs concern waiver of an issue on appeal by failing to argue it in an appellate brief. The district court cases cited by Plaintiffs stand for the proposition that an issue is waived where there is no citation to authority and no explanation of an argument. *See Lucas v. City of*

---

[6] The *Royal Caribbean* case cited by the Plaintiffs does not compel the conclusion that the Court must strike the chart. In that case, the court granted a motion to strike a chart of Form 4 trades that was not publicly filed with the SEC. *See In re Royal Caribbean Cruises Ltd. Sec. Litig.*, No. 1:11-22855-CIV, 2013 WL 3295951, at *11 (S.D. Fla. Apr. 19, 2013). This is quite different from the chart in Exhibit 1, which cites and organizes the statements challenged in the FAC as false and misleading. The other cases cited by Plaintiffs are not at all factually analogous. *See Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 823 (11th Cir. 2009) (involving a motion to strike an expert opinion that was not included in Rule 26(a) disclosures); *Askan v. Faro Techs., Inc.*, No. 6:23-cv-920-PGB-DCI, 2023 WL 7411243, at *5 (M.D. Fla. Oct. 6, 2023) (striking portions of a complaint that did not comply with local rules about confidentiality).

*Delray Beach*, No. 21-cv-80469, 2023 WL 6037456, at *12 (S.D. Fla. Sept. 15, 2023) (holding that failure to "cite any cases" or "explain" an argument operated as a waiver); *625 Fusion, LLC v. City of Fort Lauderdale*, No. 19-61308-CIV, 2023 WL 1466809, at *1 (S.D. Fla. Feb. 2, 2023) (holding that the plaintiffs abandoned their argument that their pending appeal had merit because they "never explain[ed] why"). Under this rule, the arguments explained in Defendants' motion to dismiss and supported with citations to authority were neither waived nor forfeited.

**VI.     The Alternative Relief Sought by Plaintiffs is Drastic and Unnecessary.**

If the Court should disagree with any of Defendants contentions raised herein and determine that it cannot consider one or more of Defendants' exhibits on a motion to dismiss, the appropriate action is to decline to consider the exhibits in a manner that would require the Court to exceed what it believes is the proper scope of analysis on a motion to dismiss. In other words, the Court should not convert Defendants' motion to dismiss to a motion for summary judgment, open discovery on any issues, or consider the exhibits appended to Plaintiffs' Motion to Strike. These alternative remedies sought by Plaintiffs are drastic and unnecessary.

*First*, the Court can choose to only consider the seven exhibits for what it determines to be a proper purpose "regardless of whether Defendants rely on them to raise any improper arguments." *Rayonier Advanced Materials*, 2019 WL 1429667, at *2. It is not necessary to strike the exhibits or convert Defendants' motion to dismiss to a motion for summary judgment.[7]

*Second*, the Court should not prematurely open discovery. The PSLRA imposes a stay on discovery pending a motion to dismiss for a reason. *See Bryant*, 187 F.3d at 1278-79 (explaining that the stay on discovery serves to reduce the cost to the company and its shareholders of

---

[7] To this point, the Court can resolve Defendants' motion to dismiss without relying on the exhibits at all because the FAC fails to allege a statement that was false or misleading at the time it was made and does not plead particularized facts raising a strong inference of scienter. *See, e.g.*, *Sapssov v. HMA, Inc.*, 22 F. Supp. 3d 1210, 1232 (M.D. Fla. 2014) (granting motion to dismiss and denying plaintiffs' motion to strike as moot because the court "did not rely on any of the identified exhibits in ruling on defendants' motion").

defending a baseless action).  Discovery is also inappropriate because the exhibits challenged by Plaintiffs are all publicly available and were not drawn from a pool of "materials to which the plaintiffs do not yet have access."  *Khoja*, 899 F.3d at 998.

*Third*, the Court should not consider the exhibits appended to Plaintiffs' Motion to Strike. The exhibits in question all post-date the filing of the FAC, and Plaintiffs cite them for events that occurred 8 to 10 months after the end of the Class Period.  Unsurprisingly, Plaintiffs do not cite any authority that would allow the Court to consider such exhibits.

## CONCLUSION

Defendants respectfully request that the Court deny Plaintiffs' Motion to Strike as procedurally inappropriate and legally insufficient.  A Rule 12(f) motion is not the appropriate vehicle for challenging exhibits to a motion to dismiss because the exhibits are not "pleadings" as required the Rule.  The Court should also deny Plaintiffs' Motion to Strike because the exhibits in question are either incorporated by reference to the FAC, subject to judicial notice, or statements that the Court is required to consider under the PSLRA's safe harbor for forward-looking statements.  The Court may consider the exhibits because they are relevant, cited for a proper purpose, and properly before the Court—Plaintiffs' baseless waiver and forfeiture arguments notwithstanding.  If, however, the Court concludes that it cannot consider one or more of Defendants' exhibits on a motion to dismiss, the appropriate action is to decline to consider the exhibit(s) and rule on the motion as properly presented.

Date: January 30, 2024

Respectfully submitted,

**KING & SPALDING LLP**

*/s/ Brian P. Miller*
Brian P. Miller, Esq.
Florida Bar No. 0980633
bmiller@kslaw.com
Samantha J. Kavanaugh, Esq.
Florida Bar No. 0194662
skavanaugh@kslaw.com
Southeast Financial Center
200 S. Biscayne Boulevard, Suite 4700
Miami, FL 33131
Telephone: (305) 462-6000

*Attorneys for Defendants Veru Inc., Mitchell Steiner, and Michele Greco*