## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

CHRISTOPHER K. EWING,
INDIVIDUALLY and ON BEHALF OF ALL
OTHERS SIMILARLY SITUATED,

        Plaintiff,

        v.

VERU INC., MITCHELL STEINER, and
MICHELE GRECO,

        Defendants.

Case No. 1:22-cv-23960-KMW-LMR

### JOINT RESPONSE TO ORDER TO SHOW CAUSE

Lead Plaintiff Dr. Myo Thant ("Dr. Thant" or "Lead Plaintiff") and Additional Plaintiff Karen Brounstein[1] (together with Thant, "Plaintiffs") and Defendants Veru, Inc., Mitchell Steiner, and Michele Greco (collectively, "Defendants") (together with Plaintiffs, the "Parties"), by and through their respective undersigned counsel, hereby file this Joint Response to the Court's Paperless Order to Show Cause (the "Order to Show Cause") (ECF No. 60).

The Parties are submitting a joint conference report and a joint proposed scheduling order contemporaneously herewith and respectfully request the Court discharge its Order to Show Cause.

### Preliminary Statement

Counsel take their obligations to obey Court deadlines seriously. Undersigned counsel apologize to the Court for the inadvertent and isolated error that led to a missed deadline for the

---

[1] Defendants note that "Additional Plaintiff Karen Brounstein" was ostensibly added as a plaintiff in the First Amended Complaint, but has not been appointed by the Court. Dr. Thant, who was appointed by the Court as the Lead Plaintiff (ECF 42) and to whom the Court granted leave to amend (ECF 46), disputes any insinuation by Defendants that he lacked authority to include a co-plaintiff in his amended pleading.

1

Parties to file a joint conference report and a joint proposed scheduling order. Counsel for Defendants reviewed the Order of Referral and Notice of Court Practice and Procedures (the "Order of Referral") (ECF 15) when the Court entered it on January 6, 2023; and counsel for Plaintiffs reviewed the Order of Referral contemporaneously with Dr. Thant's motion for appointment as Lead Plaintiff. Inadvertently, counsel collectively failed to calendar the deadline when it was triggered by the Defendants' filing of a motion to dismiss months later on November 14, 2023. Undersigned Counsel's error was due, in significant part, to a belief that any discovery conference pursuant to Federal Rule of Civil Procedure 26(f) or Local Rule 16.1(b) was automatically stayed by the Private Securities Litigation Reform Act of 1995 ("PSLRA"). 15 U.S.C. §78u-4(b)(3)(B).

**Factual Background**

1.      On December 5, 2022, Christopher K. Ewing, represented by Edelsberg Law, PA and Block & Leviton LLP, filed an initial complaint in the above-captioned action (the "Action"). ECF 1. This case alleges securities fraud class action claims pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder by the U.S. Securities and Exchange Commission, 17 C.F.R. § 240.10b-5. ECF Nos. 1, 47. Accordingly, pursuant to the PSLRA "all discovery and other proceedings" since this action's inception has been automatically "stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. §78u-4(b)(3)(B). No Party has filed any motion for particularized discovery.

2.      On January 5, 2023, this Court entered an Order granting Defendants' Motion for Extension of Time and ordering, *inter alia*, that "Within seven (7) days after the entry of an order

appointing lead Plaintiff(s) and lead counsel, lead counsel for the appointed lead Plaintiff(s) shall advise counsel for Defendants whether lead Plaintiff(s) intend to proceed with the Complaint or file an amended complaint, and counsel for lead Plaintiff(s) and Defendants shall meet and confer and submit to the Court a proposed schedule for the filing of an amended complaint and/or the briefing of Defendants' motion to dismiss." ECF 14.

3. On January 6, 2023, the Court entered the Order of Referral which was signed by the Court on January 5, 2023. ECF 15. The Order of Referral ordered, *inter alia*, that "WITHIN TWENTY (20) DAYS from the date that the last Defendant responds to the Complaint, the Parties shall file a joint conference report and a joint proposed scheduling order, as required by S.D. Fla. Local Rule 16.1(b). As part of that filing, the Parties shall complete and submit the attached form proposing deadlines." *Id.*

4. On February 6, 2023, Dr. Thant filed his Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel. ECF 16. On July 27, 2023, Magistrate Judge Reid entered an order granting such motion and denying competing motions. ECF 42.

5. On August 1, 2023, in accordance with the Court's January 5, 2023 order (ECF 14), the Parties filed a Joint Motion for Entry of a Case Management Schedule advising the Court that the Parties had met and conferred and agreed on a schedule for Lead Plaintiff to file an amended complaint and deadlines related to Defendants' anticipated motion to dismiss in response to any such amended complaint. ECF 43.

6. On September 12, 2023, the Court granted the Parties' Joint Motion for Entry of a Case Management Schedule and entered the proposed schedule (the "Case Management Schedule"). ECF 46.

3

7.      Pursuant to the Case Management Schedule, Lead Plaintiff's deadline to file an amended complaint was September 15, 2023; Defendants' deadline to file an answer or responsive motion was November 14, 2023; Lead Plaintiff's deadline to file a response to any motion was January 16, 2024; and Defendants' deadline to file any reply was February 14, 2024. *Id.* The Parties complied with all deadlines set forth in the Case Management Schedule. *See* ECF 47, 52, 54, 59.

8.      On February 27, 2024, the Court, *sua sponte*, entered the Order to Show Cause. ECF 60.

9.      In response to the Order, the Parties immediately met and conferred and have jointly prepared this Response to show cause as directed by the Court. The Parties are also filing contemporaneously herewith a Joint Conference Report and a [Proposed] Scheduling Order to comply with the Order of Referral and to aid in the efficient and expeditious management of this Action.

### Memorandum of Law

Respectfully, the Parties request that the Court not issue sanctions. The Parties' failure to meet the deadline — the result of a mistaken belief related to the mandatory discovery stay imposed by the PSLRA — was unintentional and isolated.

Rule 16(f) authorizes issuance of sanctions where a party fails to comply with a scheduling or pretrial order. Fed. R. Civ. P. 16(f)(1). Sanctions permitted by Rule 16(f) are "designed to punish lawyers and parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation." *United States v. Samaniego*, 345 F.3d 1280, 1284 (11th Cir. 2003). A Court may also impose sanctions pursuant to its inherent authority, but only where it finds that a party "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017). The power

to impose sanctions under the Court's inherent authority "must be exercised with restraint and discretion" and used "to fashion an appropriate sanction for conduct which abuses the judicial process." *Id.*, at 1223.

The Parties' failure to file a joint conference report and a joint proposed scheduling order pursuant to the Order of Referral, while regrettable, was not the result of bad faith (as more fully described herein), and the Parties' oversight has not resulted in any delay or interference of the Court's trial management. Accordingly, the Parties respectfully submit that sanctions should not be imposed.

Pursuant to the PSLRA, "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B); *see Rensel v. Centra Tech, Inc.*, 2 F.4th 1359, 1362 (11th Cir. 2021) (Filing of motion to dismiss "trigger[s] an automatic stay on all discovery and other proceedings under the Private Securities Litigation Reform Act of 1995.") (cleaned up). Accordingly, when Defendants filed their Motion to Dismiss the Amended Complaint on November 14, 2023, ECF 52, the PSLRA's automatic stay of "discovery and all other proceedings" was triggered.

As a result of the automatic PSLRA stay, the Parties understood that the requirement to conduct a discovery conference pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.1(b) was stayed and that any case management deadlines not included in the Case Management Schedule were moot or could not become effective pending resolution of Defendants' Motion to Dismiss. The Parties jointly aver that their error in failing to file a joint conference report and a joint proposed scheduling order as directed by the Court was a result of this understanding, that

this error was not willful or in bad faith, and that the Parties intended no disregard for the authority of this Court. *See Purchasing Power, LLC*, 851 F.3d at 1223-25 (sanctions improper where parties did not act in bad faith). Furthermore, because of the automatic PSLRA stay, no further "proceedings" can occur in this Action until the motion to dismiss is adjudicated, and therefore there has been no delay to any other pretrial events or deadlines.

In response to this Court's February 27, 2024 Order, the Parties immediately met and conferred via email to ensure compliance with the Order and efficient resolution of any issues or delays caused by their joint error. In addition, the Parties have prepared the attached Joint Conference Report to aid in the efficient management of this Action and prevent any unreasonable delay. The Parties' diligence and good faith efforts in response to the Order further weigh against the imposition of sanctions here. *See Ultimate Combustion Co. v. Fuecotech, Inc.*, 2014 WL 12493339, at *7 (S.D. Fla. May 6, 2014), *report and recommendation adopted*, 2014 WL 12495257 (S.D. Fla. June 13, 2014) ("diligence and good faith efforts" at compliance are relevant considerations).

## Conclusion

Based on the foregoing, the Parties and their respective counsel apologize to this Court and respectfully submit that imposition of sanctions is not warranted based on the Parties' inadvertent failure to file a joint conference report and a joint proposed scheduling order in a case where discovery is statutorily stayed. The Parties did not willfully disregard the Court's authority, no other pretrial deadlines or events have been delayed due to the PSLRA automatic stay, and the Parties acted diligently and in good faith once they became aware of their failure to file. Accordingly, there is no evidence sufficient to warrant imposition of a sanction and the Parties respectfully request the Court discharge the Order to Show Cause.

Dated: February 29, 2024                Respectfully submitted,

                                   By:    */s/ Cullin A. O'Brien*
                                          Cullin Avram O'Brien
                                          **CULLIN O'BRIEN LAW, P.A.**
                                          6541 NE 21st Way
                                          Ft. Lauderdale, FL 33308
                                          Tel: (561) 676-6370
                                          Email: cullin@cullinobrienlaw.com

                                          *Liaison Counsel for Plaintiff and the Class*

                                          Shannon L. Hopkins
                                          Gregory M. Potrepka
                                          Rachel A. Berger
                                          **LEVI & KORSINSKY, LLP**
                                          1111 Summer Street, Suite 403
                                          Stamford, CT 06905
                                          Tel: (212) 992-4523
                                          Fax: (212) 363-7171
                                          Email: shopkins@zlk.com
                                          Email: gpotrepka@zlk.com
                                          Email: rberger@zlk.com

                                          *Lead Counsel for Plaintiff and the Class*


Dated: February 29, 2024           By:    */s/ Brian P. Miller*
                                          **KING & SPALDING LLP**
                                          Brian P. Miller, Esq.
                                          Florida Bar No. 0980633
                                          bmiller@kslaw.com
                                          Samantha J. Kavanaugh, Esq.
                                          Florida Bar No. 0194662
                                          skavanaugh@kslaw.com
                                          Southwest Financial Center
                                          200 S. Biscayne Boulevard, Suite 4700
                                          Miami, FL 33131
                                          Telephone: (305) 462-6000

                                          *Attorneys for Defendants Veru, Inc., Mitchell
                                          Steiner, and Michele Greco*