CHRISTOPHER K. EWING,
INDIVIDUALLY and ON BEHALF OF ALL
OTHERS SIMILARLY SITUATED,

       Plaintiff,

v.

VERU INC., MITCHELL STEINER, and
MICHELE GRECO,

       Defendants.

Case No. 1:22-cv-23960-KMW-LMR

## JOINT CONFERENCE REPORT

Lead Plaintiff Myo Thant, M.D. ("Dr. Thant" or "Lead Plaintiff") and Additional Plaintiff

Karen Brounstein[1] (collectively with Dr. Thant, "Plaintiffs"), and Defendants Veru Inc., Mitchell

Steiner, M.D., and Michele Greco (collectively, "Defendants") (together with Plaintiffs, the

"Parties"), by and through their undersigned counsel, pursuant to Local Rule 16.1(b) and this

Honorable Court's Order dated February 27, 2024 (ECF 60), hereby file this Joint Conference

Report in the above-captioned matter (the "Action"). A Joint Proposed Scheduling Order is

attached hereto as Exhibit A.

## I.    DISCOVERY PLAN PURSUANT TO LOCAL RULE 16.1(B)(2)

### A.    Likelihood of Settlement

The parties do not anticipate any possibility of a resolution of this Action until Defendants'

---

[1] Defendants note that "Additional Plaintiff Karen Brounstein" was ostensibly added as a plaintiff in the First Amended Complaint, but has not been appointed by the Court. Dr. Thant, who was appointed by the Court as the Lead Plaintiff (ECF 42) and to whom the Court granted leave to amend (ECF 46), disputes any insinuation by Defendants that he lacked authority to include a co-plaintiff in his amended pleading.

Motion to Dismiss Plaintiffs' First Amended Class Action Complaint for Violations of the Federal Securities Laws (ECF 52) (the "Motion to Dismiss") is decided. Undersigned counsel for the Parties will continue discussions with their respective clients to assess whether there is a possibility for settlement discussions in the future.

**B.      Likelihood of Appearance of Additional Parties**

At this time, given that Defendants' Motion to Dismiss remains pending, the Parties are unable to fully assess the likelihood of the appearance of additional parties.

**C.      Proposed Time Limits**

Here, Plaintiffs' First Amended Class Action Complaint for Violations of the Federal Securities Laws alleges violations of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder by the U.S. Securities and Exchange Commission, 17 C.F.R. § 240.10b-1 and therefore, is governed by the Private Securities Litigation Reform Act of 1995 ("PSLRA"). 15 U.S.C. § 78u-4. Pursuant the PSLRA, "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B). Thus, at this time, given that Defendants' Motion to Dismiss remains pending, the Parties believe that it would be premature and in direct conflict with the requirements of the PSLRA to propose deadlines to: (i) join other Parties and amend pleadings; (ii) file dispositive motions; or (iii) complete discovery.

**D.      Proposals for the Formulation and Simplification of the Issues**

At this time, given the pending Motion to Dismiss, the Parties believe that it is premature to discuss proposals for formulating or simplifying any of the issues in this matter. The Parties, however, remain willing to meet and confer regarding the possibility of simplifying the scope of

issues in this Action at a later time during the proceedings after the Court issues a ruling on the pending Motion to Dismiss, presuming that the Action continues.

**E.      Necessity of Amendments to the Pleadings**

Plaintiffs have respectfully requested leave to amend should the Court grant any part of Defendants' Motion to Dismiss. ECF 54 at 30 n. 39. Defendants have requested that their motion to dismiss be granted with prejudice. ECF 59 at 15.

**F.      Possibility of Obtaining Admissions of Facts and Documents**

At this time, given the pending Motion to Dismiss and the PSLRA's automatic stay of "all discovery" in this matter during the pendency of such motion, the Parties believe that it is premature to discuss stipulations regarding the authenticity of documents and the need for advance rulings from the court on the admissibility of evidence. 15 U.S.C. § 78u-4(b)(3)(B). The Parties, however, remain willing to meet and confer regarding such possibilities at a later time during the proceedings after the Court issues a ruling on the pending Motion to Dismiss, presuming that the Action continues.

**G.      Suggestions for the Avoidance of Unnecessary Proof and Cumulative Evidence**

At this time, given the pending Motion to Dismiss and the PSLRA's automatic stay of "all discovery" in this matter during the pendency of such motion, the Parties have not yet exchanged any evidence and do not know the scope of the possible evidence at issue in this Action. 15 U.S.C. § 78u-4(b)(3)(B). The Parties, therefore, believe that it is premature to assess whether there will be suggestions for the avoidance of unnecessary proof and cumulative evidence but will continue to endeavor to litigate this case efficiently.

**H.**     **Suggestions on the Advisability of Referring Matters to a Magistrate Judge or Master**

The Parties agree to refer procedural or discovery motions to the Magistrate Judge assigned to this Action, as authorized in Exhibit B attached hereto.

The Parties do not consent to a United States Magistrate Judge deciding any other motion or proceeding, including motions to dismiss, motions for class certification, motions for summary judgment, Daubert motions, motions for attorneys' fees, motions for costs, motions for sanctions, pre-trial motions, trial, or issuing any final orders or judgments with respect thereto.

**I.**     **Preliminary Estimate of the Time Required for Trial**

At this time, given the pending Motion to Dismiss and the PSLRA's automatic stay of "all discovery" in this matter during the pendency of such motion, the Parties have not yet participated in a conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure or discussed the scope of fact or expert evidence in this matter. The Parties, therefore, believe that it would be premature to provide an estimate of time for trial at this time. 15 U.S.C. § 78u-4(b)(3)(B).

**J.**     **Requested Date(s) for Conferences Before Trial**

At this time, given the pending Motion to Dismiss and the PSLRA's automatic stay of "all … other proceedings" during the pendency of such motion, the Parties believe that it would be premature and in direct conflict with the requirements of the PSLRA to propose deadlines for any conferences before trial, including but not limited to, the final pretrial conference. 15 U.S.C. § 78u-4(b)(3)(B).

**K.**     **Discovery, Privilege, ESI Checklist**

At this time, given the pending Motion to Dismiss and the PSLRA's automatic stay of "all discovery" in this matter during the pendency of such motion, the Parties have not yet conferred regarding discovery, preservation of electronically stored information ("ESI"), claims of privilege,

4

or the ESI checklist. 15 U.S.C. § 78u-4(b)(3)(B). The Parties, however, remain willing to meet and confer about such matters if the PSLRA's automatic discovery stay is lifted.

**L.**     **Any Other Information That Might Be Helpful for the Court in Setting the Case for Status or Pre-Trial Conference**

At this time, given the pending Motion to Dismiss and the PSLRA's automatic stay of "all … other proceedings" during the pendency of such motion, the Parties believe that it would be premature and in direct conflict with the requirements of the PSLRA for the Court to set any deadlines related to status or pre-trial conferences until ruling on the pending Motion to Dismiss. 15 U.S.C. § 78u-4(b)(3)(B).

**M.**     **Proposed Scheduling Order**

The Parties have filed a Joint Proposed Scheduling Order, attached as Exhibit A, which, in accordance with the PSLRA's stay of proceedings, states that if Defendants' Motion to Dismiss is not granted with prejudice, the Parties will file a proposed schedule within fourteen (14) calendar days after the last answering Defendant files his, her or its answer to the operative complaint.

Dated: February 29, 2024

Respectfully submitted,

By: */s/ Cullin A. O'Brien*
Cullin Avram O'Brien
**CULLIN O'BRIEN LAW, P.A.**
6541 NE 21st Way
Ft. Lauderdale, FL 33308
Tel: (561) 676-6370
Email: cullin@cullinobrienlaw.com

*Liaison Counsel for Plaintiff and the Class*

Shannon L. Hopkins
Gregory M. Potrepka
Rachel A. Berger
**LEVI & KORSINSKY, LLP**
1111 Summer Street, Suite 403
Stamford, CT 06905
Tel: (212) 992-4523
Fax: (212) 363-7171
Email: shopkins@zlk.com
Email: gpotrepka@zlk.com
Email: rberger@zlk.com

*Lead Counsel for Plaintiff and the Class*

Dated: February 29, 2024

By: */s/ Brian P. Miller*

**KING & SPALDING LLP**
Brian P. Miller, Esq.
Florida Bar No. 0980633
bmiller@kslaw.com
Samantha J. Kavanaugh, Esq.
Florida Bar No. 0194662
skavanaugh@kslaw.com
Southwest Financial Center
200 S. Biscayne Boulevard, Suite 4700
Miami, FL 33131
Telephone: (305) 462-6000

*Attorneys for Defendants Veru, Inc., Mitchell Steiner, and Michele Greco*