**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:22-cv-23960-KMW-LMR**

CHRISTOPHER K. EWING,
INDIVIDUALLY and ON BEHALF OF ALL
OTHERS SIMILARLY SITUATED,

      Plaintiff,

v.

VERU INC., MITCHELL STEINER, and
MICHELE GRECO,

      Defendants.

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
<u>NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

The decision in *Huey v. Anavex Life Sciences Corp.*, 2025 WL 1707581 (S.D.N.Y. June 18, 2025), submitted by Plaintiffs, is inapposite.

The court held that Defendant Anavex's statement regarding the endpoint for its study was misleading because five days prior the FDA told Anavex that it would not accept the endpoint and Anavex then changed the endpoint. *Id.* at *4. No similar communication is alleged here. Rather, here, there was a back-and-forth regarding the trial design, with the FDA providing comments on the size of the trial, <u>but the FDA allowed the trial to proceed</u>. [ECF No. 52 at 8-11]. Plaintiffs do not allege that the FDA stated that the trial design would preclude approval of Veru's drug.

For the same reason, *Anavex* does not support Plaintiffs' scienter arguments, which fail. [ECF No. 52 at 20-28]. In *Anavex*, the plaintiff "provide[d] a specific instance, Anavex's admitted communication with the FDA regarding endpoints, where Defendants allegedly learned information that contradicted" defendants' prior statements. *Id.* at *6. Namely, defendants learned

the FDA would not accept the endpoint.  *Id.* at *4.  Plaintiffs have not alleged an equivalent "specific instance" where the FDA said it would not accept Veru's trial design.

Date: June 26, 2025

Respectfully submitted,

**KING & SPALDING LLP**

*/s/ Brian P.  Miller*

Brian P. Miller, Esq.
Florida Bar No. 0980633
bmiller@kslaw.com
Samantha J. Kavanaugh, Esq.
Florida Bar No. 0194662
skavanaugh@kslaw.com
Southeast Financial Center
200 S. Biscayne Boulevard, Suite 4700
Miami, FL 33131
Telephone: (305) 462-6000

*Attorneys for Defendants Veru Inc., Mitchell Steiner, and Michele Greco*