**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:22-cv-23960-KMW-LMR**

CHRISTOPHER K. EWING,
INDIVIDUALLY and ON BEHALF OF ALL
OTHERS SIMILARLY SITUATED,

     Plaintiff,

v.

VERU INC., MITCHELL STEINER, and
MICHELE GRECO,

     Defendants.

**DEFENDANTS' RESPONSE TO PLAINTIFFS'**
**NOTICE OF SUPPLEMENTAL AUTHORITY [ECF No. 77]**

*Jastram v. NextEra Energy, Inc.*, 2025 WL 3293701 (S.D. Fla. Nov. 26, 2025), is largely inapplicable and otherwise distinguishable.

1)     Defendants have never argued against application of Rule 8 pleading standards as to the loss causation element.  Therefore, *Jastram's* holding in that regard is irrelevant here.  *Id.* at *9-10.

2)     That Veru's alleged corrective disclosures were not in a Form 10-Q is distinguishable from the facts of *Jastram*.  *Jastram* held that NextEra made an unusually timed risk factor disclosure in a Form 8-K rather than 10-Q, which supported loss causation.  *Id.* at *13. In contrast, here, Veru appropriately used Form 8-K to report on developments in the FDA approval process.

3)      While Plaintiff points to financial analyst reports following the PADAC meeting, Amended Complaint, ECF No. 47, ¶¶ 153-154, and argues these support loss causation, Plaintiff cites no analyst reports after the March 2023 disclosure.  *Cf. Jastram*, 2025 WL 3293701 at *14.

4)      *Jastram* did not address (and did not hold) whether the Eleventh Circuit adopts the "materialization of risk" theory of loss causation.  Instead, the court simply noted that the plaintiffs there also had pled that theory.  *Id.* at *14; *cf.* Motion to Dismiss, ECF No. 52, at 27-28.

Date: December 5, 2025                    Respectfully submitted,

**KING & SPALDING LLP**

*/s/ Brian P. Miller*
Brian P. Miller, Esq.
Florida Bar No. 0980633
bmiller@kslaw.com
Samantha J. Kavanaugh, Esq.
Florida Bar No. 0194662
skavanaugh@kslaw.com
Southeast Financial Center
200 S. Biscayne Boulevard, Suite 4700
Miami, FL 33131
Telephone: (305) 462-6000

*Attorneys for Defendants Veru Inc.,*
*Mitchell Steiner, and Michele Greco*

2